**People of the State of Illinois, Plaintiff-Appellee, v. Henry Phillips, Defendant-Appellant.**

**Gen. No. 52,296.**

First District, Third Division.

June 4, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Francis X. Riley, Special Assistant State's Attorney, of counsel), for appellant.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a jury trial the defendant was found guilty of the sale of a narcotic drug contrary to the provisions of the

Criminal Code (Ill Rev Stats, c 38, § 22-3 (1969)). After a hearing in aggravation and mitigation, the court sentenced him to serve ten to twelve years in the Illinois State Penitentiary. On appeal defendant contends (1) that the closing argument to the jury on behalf of the State contained such inflammatory and prejudicial statements as to warrant a new trial, (2) that an instruction tendered by defendant with respect to the credibility of an addict-informer was improperly refused, (3) that defendant was not proved guilty beyond a reasonable doubt, and (4) that the trial court erroneously denied defendant's motion for a mistrial after a witness for the State volunteered an allegedly prejudicial statement attributed to the defendant. A summary of the evidence follows.

George Lincoln, a police informer, telephoned the Chicago Police Department on September 15, 1964, and offered to make a controlled purchase of narcotics. Two police officers assigned to the Narcotics Unit, John Campbell and James Arnold, arranged a meeting with Lincoln, at which he was searched and placed in possession of ten dollars in marked and recorded currency. Lincoln was driven to the vicinity of 33rd Street and Indiana Avenue in the City of Chicago, where defendant was observed walking south on Indiana Avenue. Lincoln approached him and asked for some heroin. Lincoln testified that while on the sidewalk he gave defendant the marked money. They went into the vestibule of an adjacent apartment building where, according to Lincoln, defendant gave him two tinfoil packets which were produced from what "looked to be like a brown envelope." While Lincoln and defendant were standing on the sidewalk, they were observed by the two police officers. Both officers testified that they saw no money pass while defendant and Lincoln were in view on the sidewalk, nor did they find a brown envelope when

182

defendant was arrested in a tavern a short distance from the scene. Nine dollars of the marked money was found on the defendant's person and, according to both policemen, when the defendant was brought to police headquarters for questioning, he voluntarily admitted his guilt. A police chemist testified that the tinfoil packet contained heroin.

Defendant was the only witness in his own behalf. He denied having sold any heroin to Lincoln and testified that at Lincoln's request he exchanged a ten dollar bill for smaller bills in the vestibule of the apartment building. We proceed to a consideration of defendant's first point with respect to improper remarks made by the State's Attorney.

■ ■ Defendant charges that three separate remarks in the rebuttal portion of the State's closing argument denied him his right to a fair trial. The first statement to which he objected involved the suggestion of an illicit relationship between the defendant and two women. The record reveals that defendant had testified to living with two women in two separate apartments on September 14 and 15, 1964. At the time of his arrest on September 15, 1964, he was unemployed and on welfare. The State's Attorney in his closing argument said, "If you have a reasonable doubt that a man who is living with two women and supporting them, and if you have a reasonable doubt. . . ." A defense objection brought the statement to an end at that juncture. Statements based on facts and circumstances proved, or such as might reasonably be inferred therefrom, are not to be discountenanced by the courts. People v. Myers, 35 Ill2d 311, 220 NE2d 297; People v. Miller, 13 Ill2d 84, 148 NE2d 455.

■ The second portion of the argument to which defendant objected related to the testimony of George Lincoln, the addict-informer. The Assistant State's Attorney said:

183

> "Sure, we put an addict on the stand, a man who used to be an addict, a man who is trying to straighten himself out, and who might be able to straighten himself out if we could get somebody like Phillips off the street, that will sell it to anybody for his own purposes, for his own gain. If we can get them off the street, then maybe our children will be safe."

Defendant's attorney objected and moved for a mistrial. The judge cautioned the prosecutor to confine his remarks to the evidence. It is not improper for the prosecuting attorney to reflect unfavorably on the character of the accused and to denounce his alleged wickedness. People v. Wright, 27 Ill2d 497, 190 NE2d 287; People v. Moore, 9 Ill2d 224, 137 NE2d 246; People v. Provo, 409 Ill 63, 97 NE2d 802. Such argument should be within the bounds of reason and relevance. However, not every ill-advised statement in closing argument warrants a reversal. People v. Turner, 82 Ill App2d 10, 226 NE2d 667. Defendant's objection brought an immediate direction by the court, cautioning the attorney for the State to confine his comments to the evidence. Improper remarks of counsel do not constitute reversible error unless they result in substantial prejudice to the defendant. People v. Nilsson, 44 Ill2d 244, 255 NE2d 432. The action of the trial judge in immediately reprimanding the State's Attorney erased what little prejudice may have otherwise resulted from the statement and a reversal is not warranted. People v. Daugherty, 43 Ill2d 251, 253 NE2d 389.

 Finally, objection was made to another statement in the State's closing argument which defendant contends improperly implied that defense counsel sought to conceal certain facts from the jury. The State's Attorney said:

> "If you will remember, after cross-examination I asked Mr. Lincoln if there was any reason why

he gave his testimony, at which time the Public Defender objected, and that objection was sustained,· and I did not go into the subject any further."

That statement was in direct response to the defense attorney's forceful and rather lengthy argument to the jury that Lincoln was paid for his testimony. Lincoln on cross-examination denied having been paid, and when the prosecuting attorney again asked him on redirect examination if there was any reason why he gave his testimony, the defense attorney interposed an objection which was sustained. Viewed in that context, the State's Attorney's comment was a response invited by the closing argument of defendant's attorney. People v. Myers, 35 Ill2d 311, 220 NE2d 297; People v. Smith, 24 Ill2d 198, 181 NE2d 77. It is difficult to conceive how any prejudice could result from that comment since the only evidence, if any, which the jury could conclude was being withheld would be that Lincoln had not been paid. That would be in accord with all the testimony relating to that issue.

At the close of the case the jury was generally instructed to disregard any statements made by counsel which were not supported by the evidence. The closing argument on behalf of the State was not such as to warrant a retrial.

 Defendant's next contention is that it was error for the trial court to refuse his tendered Instruction No. 7 which purported to guide the jury in their determination of the credibility of a narcotic addict. The evidence disclosed that Lincoln, who also used the name Rance Aldridge, had been using heroin since 1948; that his habit cost him twenty-five to thirty dollars a day; that he had not had steady employment since 1948 and that he would shoplift to get money to buy narcotics. Although he denied having used

any heroin within six months prior to the trial, he admitted using narcotics in September 1964, the month in which the events to which he testified allegedly occurred. He is, according to the testimony of Officer Arnold, a "special employee" of the Chicago Police Department, since he had been working as an informer for over a year. Lincoln testified that this was voluntary work and that he received no pay. While an instruction on the credibility of this witness was clearly in order, the instruction tendered by the defendant was an incorrect statement of the applicable law. It read as follows:

> "The court instructs the jury that when determining the evidentiary worth of the testimony of a narcotic addict, the jury must not judge the testimony as it would that of another type of witness. The jury must look upon the testimony of a narcotic addict with great suspicion, and act upon it with great caution, and unless the jury is satisfied *from such evidence* of the guilt of the defendant beyond all reasonable doubt, it is the sworn duty of the jury to return a verdict of not guilty." (Emphasis added.)

The final clause instructs the jury to find the defendant not guilty if the testimony of the addict does not convince them beyond all reasonable doubt of the defendant's guilt. It is fundamental that in determining the ultimate question of guilt or innocence, all the evidence must be considered, not merely that of the addict. The testimony of the police officers as to defendant's admission as well as the corroboration provided by recovery of the marked money on a search of the defendant plus the packets of heroin obtained from Lincoln are all to be considered. The limiting language of the instruction in question rendered it improper and the court's

ruling was correct. Moreover the court gave a proper instruction on that phase of the case. It instructed the jury that the testimony of an addict is to be scrutinized with great caution and if the jury were to find that a witness was an addict or used narcotics at about the time of the alleged crime, such finding would be an important factor going to the general reliability of the addict. People v. Perkins, 26 Ill2d 230, 186 NE2d 330; People v. Bazemore, 25 Ill2d 74, 182 NE2d 649.

Defendant's third contention is that the evidence was insufficient to prove his guilt beyond a reasonable doubt. The evidence established that Lincoln came into the possession of two packets of heroin after meeting defendant in the plain view of the police officers. It was shown by a prior search that before meeting defendant, those packets were not on Lincoln's person. Although the actual sale was not observed by the police officers, Lincoln's testimony as to its occurrence is corroborated by the heroin found in his possession when he emerged from the vestibule of the apartment building. Another corroborating circumstance is the recovery of the marked money on the defendant. Finally, both police officers testified that defendant admitted his guilt when he was taken to the police station. Officer Arnold testified that he asked the defendant whether he had sold the narcotics, to which defendant responded, "I sold the stuff, you got me." Officer Campbell could not recall the defendant's exact words, but testified that they were to this effect, "You got me for sale." The evidence establishes the defendant's guilt beyond all reasonable doubt.

Defendant's final contention is that his motion for a mistrial should have been granted when Officer Arnold testified to a statement allegedly uttered by defendant at the time of his arrest. Arnold testified that when defendant was arrested in the tavern, he was

asked about the marked money and he said at that time that he did not know how it came into his possession. After a conference in chambers the trial judge denied the motion for a mistrial but sustained the objection to the statement and cautioned the jury in the following words:

> "Ladies and gentlemen of the jury, there was an objection to a volunteered statement of the witness relating to words uttered by the defendant at the time of his arrest. That objection was sustained. Those words were stricken from the record, and you are instructed to disregard them."

The trial court's admonition was adequate to remove whatever prejudice may have been created by the witness' unsolicited statement. There is no contention that the attorney for the State acted in bad faith, and the trial court properly denied the defendant's motion for a mistrial. People v. Moore, 35 Ill2d 399, 220 NE2d 443.

We find no material error in the record and the judgment is accordingly affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.