THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES E. PARKER, Defendant-Appellant.

Third District No. 74-358

Opinion filed February 19, 1976.—Rehearing denied March 9, 1976.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg (Michael Weinstein and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was convicted of burglary after a jury trial and sentenced to not less than 3 years nor more than 10 years. The indictment charged that defendant committed the offense of burglary on March 22, 1974, by entering the building of Gottenborg-Hill, Inc., in Galesburg, Illinois, with the intent to commit a theft. Defendant appeals to this court, alleging that prejudicial error occurred when evidence of other offenses

was improperly admitted into evidence as well as when the court instructed the jury (IPI No. 3.14) to consider evidence of other crimes only on the issue of the defendant's intent. The facts follow.

A police officer, while on patrol, noticed a broken window on a door to the Sandburg Automotive Training Center and while investigating further found a broken window on a door to Gottenborg-Hill, Inc., an automobile dealership. The evidence submitted indicated that these two businesses shared the same building although there is no connecting entryway between the two. In order to go from one business to the other, it was necessary to go outside the building and re-enter at the other side. The investigating officer entered the building through a broken window on the Sandburg side and found an open tool cabinet and a wrench lying on the floor. A search of the Gottenborg-Hill premises revealed the cash drawer open and empty and the front door window broken. Defendant was found under a cashier's desk unconscious with a pry bar in his hand. Opinion testimony was admitted that the pry bar came from the Sandburg Center.

The defendant presented evidence of voluntary intoxication and on direct examination testified that he had been convicted of burglary on two prior occasions. At the request of defendant, the court instructed the jury with IPI No. 3.13 concerning impeachment by prior convictions. The State offered IPI No. 3.14, and it was given, over defendant's objections, as follows:

> "Evidence has been received that the defendant has been involved in crimes other than that charged in the indictment. This evidence has been received solely on the issue of the defendant's intent. This evidence is to be considered by you only for the limited purpose for which it was received."

The trial judge ruled that the instruction should be given because there was some evidence that the defendant had also broken into the Sandburg Training Center.

During the defendant's trial the main issue for the jury to decide was whether the State had sustained the burden of proof that Parker had knowingly entered the building of Gottenborg-Hill with the intent to commit a theft, particularly in light of Parker's defense of intoxication.

The State's theory of the case was that certain circumstantial evidence indicated that Parker was sufficiently sober when he entered the Sandburg premises to do so knowingly and with the intent to commit a theft. The evidence of the pry bar which the defendant had in his hand when apprehended in the Gottenborg-Hill premises was believed to have come from the Sandburg premises. The similarity between the broken window in the door at Sandburg and the broken door window at the Gottenborg-

Hill premises together with the fact that a tool cabinet in Sandburg was found to be open and a wrench was found lying on the floor tended to demonstrate that Parker was sober enough to realize the need for a burglary tool and to know how to go about getting one. In addition, the State produced evidence of a large amount of change and a set of car keys belonging to the Gottenborg dealership found on defendant's person.

■■ The general rule is that evidence of the commission of other crimes by an accused in support of the crime charged is inadmissible; however, there are several recognized exceptions to this general rule. The test of admissibility of evidence of another offense is whether it fairly tends to prove the offense charged. Hence, an exception to the general exclusionary rule exists where evidence of another offense works to place defendant in proximity to the time and place, aids or establishes identity, and tends to prove design, motive or knowledge. The rationale for this exception is that such evidence is so closely connected with the main issue in the case at bar that it tends to prove the accused guilty of the crime charged. *People v. Tranowski* (1960), 20 Ill. 2d 11, 16, 169 N.E.2d 347, 349.

Defendant contends that the admissibility of evidence of other crimes is proper only where the "other crimes" are clearly severable from the crime charged and where the separateness of the other crimes would be apparent to the jury.

■■ Certainly, the separateness of the activity of the defendant in this case was apparent to the jury, particularly since the evidence was uncontradicted that there was no direct entryway between Sandburg and Gottenborg-Hill, so that, in order to get from one place to the other, a person would have to go outside and then re-enter the Gottenborg-Hill premises through another separate door. With the defense of intoxication and the need to negate defenses of mistake or inadvertence which intoxication implies, evidence of other crimes may be admitted to prove such material elements as knowledge, intent, motive, design, plan, or to show an absence of good faith, and, important here, to evidence a consciousness of guilt or guilty consciousness.

Defendant also questions the admissibility of the Sandburg evidence because it was highly contested and tenuous at best. The record in the instant case demonstrates to us that the Sandburg entry was shown for the narrow purpose of providing intent, and it cannot be said it was established or proved with the same detail as if the defendant was on trial for that offense. A similar issue was raised in *People v. Smith* (4th Dist. 1972), 3 Ill. App. 3d 958, 961, 279 N.E.2d 512, where the court held, "Nor need the quantum of proof of other offenses be that of be-

yond a reasonable doubt." In *People v. Clark* (3d Dist. 1968), 104 Ill. App. 2d 12, 25, 244 N.E.2d 842, 848, it was said:

> "Countless Illinois decisions establish that evidence of other crimes is properly admissible to prove identity, intent, knowledge, or a common scheme or plan [citations] * * *. The same decisions, People v. Spaulding, 309 Ill. 292, 141 N.E. 196, at 303-304, in particular, require us to reject the further contention of defendant that in order for evidence of other offenses to be admissible, it must first be proved beyond a reasonable doubt that an accused committed such offenses."

■■  Finally, the defense concludes that the use of IPI 3.14 under the circumstances of this case was both erroneous and prejudicial. We cannot agree. In *People v. Henderson* (3d Dist. 1974), 18 Ill. App. 3d 457, 309 N.E.2d 242, it is said that it is left to the sound discretion of the trial judge to weigh the probative value of the evidence of other crime as against its prejudicial effects. As has often been held, intent may be inferred from circumstances that legitimately permit that inference. (See, *e.g., People v. Koshiol* (1970), 45 Ill. 2d 573, 262 N.E.2d 446, *cert. denied,* 401 U.S. 978, 28 L. Ed. 2d 329, 91 S. Ct. 1209.

■■■  This court will not substitute its judgment for that of the jury in cases in which the facts could lead to either of two inferences unless the inference accepted by the jury is inherently impossible or unreasonable. (*People v. Edwards* (4th Dist. 1974), 21 Ill. App. 3d 354, 315 N.E.2d 91; *People v. Hister* (1st Dist. 1974), 20 Ill. App. 3d 933, 314 N.E.2d 562.) Whether a defendant is so intoxicated as to be incapable of forming the specific intent required to commit the crime of burglary is within the province of the jury and their decision will not be disturbed on review.

■■  Since a limiting instruction was required in this case, the question becomes whether or not the instruction given which limited this evidence to the issue of defendant's intent was sufficiently accurate so as not to mislead the jury.

We conclude the trial court properly instructed the jury as to the limited purpose for which the other crimes were to be considered. Accordingly, we affirm the judgment of conviction entered by the Circuit Court of Knox County and the sentence imposed thereunder.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.