THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD HAYES, Defendant-Appellant.

First District (3rd Division) No. 60997

Opinion filed April 1, 1976.

James J. Doherty, Public Defender, of Chicago (John X. Breslin and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Gerald Hayes, was convicted after a bench trial by the circuit court of Cook County for committing the offense of battery, and was sentenced to 120 days' confinement. On appeal, defendant contends that he was denied his rights to counsel of his choice and effective assistance of court-appointed counsel, that he did not receive a fair trial, and that he was not proven guilty beyond a reasonable doubt.

We affirm.

The record discloses the following pertinent facts. On the evening of Thursday, July 18, 1974, defendant's body made physical contact with the female complainant's person on the northeast corner of Broadway and Diversey, in the City of Chicago. The complainant testified that defendant grabbed her shoulder and arms, ordered her to come with him, and that he then grabbed her left breast as she tried to break away. The complainant's friend testified that he heard a scream and turned around to see defendant holding complainant's body as she tried to escape. A Chicago police officer testified that he arrested defendant after the

complainant told him what happened. The defendant testified in his own behalf that he unintentionally and silently bumped into the complainant as he was crossing the street while in an inebriated condition. After trial, defendant was found guilty of battery by making physical contact of an insulting nature. Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)(2).

The first of defendant's arguments we shall discuss is that the prosecution failed to meet its burden in overcoming the affirmative defense of intoxication. At trial, defendant testified that prior to bumping into the complainant, he had been drinking great quantities of beer and wine, so that at the time of the offense, he was intoxicated. Defendant further testified that after stumbling into complainant, he walked down the street, not attempting to flee from the scene. The complainant's testimony corroborated defendant's testimony; she said that she smelled alcohol on his breath and that he appeared to be incompetent and unstable. The other witnesses, however, testified that they did not smell alcohol on defendant's breath.

Battery by making physical contact of an insulting nature is a specific intent crime because it requires that the contact be made intentionally or knowingly. (Ill. Rev. Stat. 1973, ch. 38, par. 12—3.) The affirmative defense of intoxication (Ill. Rev. Stat. 1973, ch. 38, par. 6—3) provides:

> "A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition either:
>
> (a) Negatives the existence of a mental state which is an element of the offense; * * *."

Once a defendant raises an affirmative defense by presenting some evidence thereon, the State must then prove defendant guilty as to that issue, too. (Ill. Rev. Stat. 1973, ch. 38, par. 3—2.) The State need not introduce any evidence to show that defendant was not intoxicated to any extent. (*People v. Hunter* (1973), 14 Ill. App. 3d 879, 886.) In order for voluntary intoxication to be a legal excuse, the condition of intoxication must be so extreme as to suspend all reason. (*People v. Williams* (1973), 14 Ill. App. 3d 789, 793.) There are many degrees of intoxication through which an individual may pass before reaching the level of intoxication at which his power of reason is entirely suspended so as to render him incapable of any mental action, such as forming the specific intent to commit a crime. *People v. Winters* (1963), 29 Ill. 2d 74, 80-81.

■■ Our concern in the instant case is whether the evidence shows that defendant's level of intoxication at the moment of the commission of the offense was so great as to render him incapable of forming the specific intent to make an insulting physical contact. Defendant testified that he remembered bumping into the complainant and he remembered what he did immediately after making contact. He remembered that he did not run away. The defendant's memory of matters which occurred at the time

of the offense and immediately thereafter indicate that his mental processes were not so impaired by the consumption of alcoholic beverages that he was unable to have the power of reason. Defendant's evidence falls short of demonstrating a level of intoxication great enough to suspend the power of reason and the ability to form the intent to commit an offense, and was insufficient to successfully sustain the affirmative defense of intoxication.

■■ In the alternative, defendant argues that if he had the capacity to commit an offense, the evidence presented was insufficient to prove him guilty beyond a reasonable doubt. This argument is based upon minor inconsistencies in the complainant's testimony. Defendant's attempt to inject a reasonable doubt of his guilt by speculating that the complainant was a prostitute and had originally consented to his advances is unsupported by the evidence, and not raised in the trial court. The evidence at trial was sufficient to prove defendant guilty of battery beyond a reasonable doubt.

■■ The next issue concerns the appointment of the public defender. At a pretrial hearing, the public defender was appointed as counsel for defendant. On appeal, defendant argues that since he could have afforded private counsel, the appointment of the public defender deprived him of his right to counsel of his choice. The record, however, does not support this contention. The defendant told the trial court how much money he was making, to which the trial court said that defendant could afford a lawyer. The defendant responded by stating that he had a lot of bills to pay. This indicates defendant's indigency as would justify the appointment of the public defender. Other factors support this conclusion. Defendant needed only $150 to make bail, yet he could not post that amount. The trial court did not err by appointment of the public defender.

■■ After defendant stated that he had a lot of bills to pay, he asked the court to be released upon his personal recognizance for the purpose of securing private counsel. On appeal, defendant argues that the court's denial of his request deprived him of the opportunity to retain private counsel. This argument must fail for the following reasons. First, the trial court already heard evidence of defendant's indigency so that the plea for the opportunity to hire private counsel was unfounded. Second, defendant could have contacted private counsel while in custody if he desired to do so. (Ill. Rev. Stat. 1973, ch. 38, pars. 103—3 and 103—4.) Third, the trial court conducted a brief hearing as to whether defendant's bail should be reduced to a personal recognizance bond. At that point, the court was informed that defendant was currently on felony probation. The reduction of defendant's bond was in the court's discretion, and that discretion was not abused.

In denial of defendant's motion for reduction of bail, the trial judge categorized defendant's request as a "snow job." Defendant argues that this categorization indicates that the trial court was prejudiced against him. The record indicates that the court believed defendant's statements of fact concerning his monetary assets and liabilities because the public defender was appointed. The snow job response was directed to defendant's argument that he needed a personal recognizance bond to obtain private counsel. Since the argument was not supported by the facts, as we have already discussed, the trial court was not in error by denial of the motion. Although the term "snow job" is not generally recognized in legal circles, it accurately expressed the trial court's belief that the defendant's argument was without merit, and did not clearly demonstrate any opinion as to the defendant's veracity. We find no prejudice to defendant.

■■ Defendant next argues that he was denied effective assistance of counsel at trial. It is submitted that had the public defender at trial known that the trial court had categorized the request for bond reduction as a snow job, defense counsel could have moved for either a change of venue or a jury trial, both of which would have required that the case be transferred to another judge. The record shows, however, that defendant was given an opportunity to consult with his court-appointed counsel in an effective fashion. The defendant was able to inform his lawyer of the facts of the case so that the defense of intoxication could be established during cross-examination of the prosecution's witnesses. Had defendant felt that the court was prejudiced against him, defendant should have told his lawyer or the court about his belief. Defendant also contends that had his court-appointed counsel known that he was on felony probation, the intoxication defense would not have been advanced since being drunk upon a public way would have been grounds for revocation of his probation. We believe that defendant suffered no prejudice in this regard because his probation could be revoked for conviction of either battery or public intoxication. In addition, defendant could have told his lawyer of the felony probation. We find no prejudice to defendant in regard to his use of court-appointed counsel at trial.

For the above-mentioned reasons, the judgment of the circuit court of Cook County convicting defendant of battery is affirmed.

Judgment affirmed.

MEJDA, P. J., and McNAMARA, J., concur.