THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE COLLINS, Defendant-Appellant.

Third District   No. 76-159

Opinion filed May 6, 1977.

644

James L. Hafele, of Hafele & McDade, P.C., of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Willie Collins, was charged by indictment with the offense of theft of property having a value in excess of $150 in violation of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1). During the third day of the first trial a mistrial was declared upon defendant's motion when the State failed to disclose a 10-page police report pursuant to a prior discovery ruling, and sought to use the report at the trial. At the

retrial, the jury returned a verdict of guilty of felony theft and the court entered judgment of conviction thereon. This appeal followed.

Defendant was arrested on March 18, 1975, by an officer of the Peoria Police Department and charged with theft. He was subsequently indicted for knowingly exerting control over certain stolen property of Donald F. Keith, namely one Sony tape recorder and stereo receiver having a total value in excess of $150. The items of allegedly stolen property were discovered by police in plain view in Collins' Top 50 Record Shop. Donald E. Keith testified and identified the two items included in the indictment against defendant as having been burglarized from his home. Keith also identified several other items of property burglarized from his home, but which were not charged in the indictment. Several other victims of recent burglaries also testified and identified other items of evidence taken from their homes which also were not included in the indictment. Over defense objections, the testimony and exhibits were allowed by the trial court. A defense motion to strike the testimony because it related to other crimes than the one charged in the instant trial were denied. Gary Biles testified to performing the burglary of the Keith residence and the taking of the stereo equipment and other items not charged in the indictment which were taken to defendant's house. Defendant challenged the sufficiency of the indictment by a motion to dismiss and preserved his claim that the indictment was improper in his motion in arrest of judgment.

Defendant presents the following issues for review:

(1) Whether the indictment states an offense under the theft statute;

(2) Whether the defendant was twice placed in jeopardy for the same offense;

(3) Whether the trial court erred in admitting into evidence "pattern evidence" or evidence of other crimes;

(4) Whether defendant was proved guilty beyond a reasonable doubt on the question of "fair" cash market value;

(5) Whether the court erred in its instructions to the jury;

(6) Whether the court erred in requiring the defendant to post $5,000 in cash as a condition of his right to be free on bond pending appeal.

■■ Defendant's first claim of error is that he was charged by indictment with an offense which he claims does not exist under Illinois law. Defendant was charged with violating section 16—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)), which provides:

"A person commits theft when he knowingly:

\* \* \*

(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(1) Intends to deprive the owner permanently of the use or benefit of the property; * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d).)

The indictment against defendant is as follows:

"That on March 18, 1975, in said Peoria County, State of Illinois WILLIE COLLINS committed the offense of THEFT in that said defendant did knowingly *exert control* over certain stolen property of Donald E. Keith, being one Sony Tape Recorder, #11712 and a stereo receiver, serial #04400059, having a total value of more than $150.00, under such circumstances as would reasonably induce said defendant to believe the property was stolen and with intent to deprive Donald E. Keith permanently of the use or benefit of said property, in violation of Paragraph 16—1d1, [*sic*] Chapter 38, Illinois Revised Statutes."(Emphasis added.)

The thrust of defendant's claim is that the use of the term "exert control" instead of "obtain control" as provided for in the statutory definition of theft is a material variance which renders the indictment insufficient as a matter of law.

Section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3) requires:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

The issue is whether the indictment in the present case sets forth with sufficient particularity the nature and elements of the crime charged. We have been cited by the State to the case of *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, for the proposition that the Illinois Supreme Court disapproves of claiming grossly technical errors as grounds for dismissal of an allegedly invalid indictment. *Pujoue* is distinguishable because the charge of the indictment there was not attacked by either a pre-trial motion to dismiss or by a motion in arrest of judgment. In the face of such a waiver of the issue the Illinois Supreme Court chose to use

as a standard of determining the sufficiency of the indictment, whether "it [the indictment] apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.) In the instant case the defendant made a motion to dismiss the indictment prior to the second trial and also preserved the alleged error in a motion in arrest of judgment. He did not, therefore, waive the issue for purposes of appeal.

The case of *People v. Dickerson* (1975), 61 Ill. 2d 580, 338 N.E.2d 184, is very similar to the facts of the case at bar. There the indictment was found to be sufficient charging the offense of theft even though the indictment failed to allege the stolen property over which the defendant had knowingly obtained control had been stolen "by another." The court there found that the plain and ordinary meaning of the indictment necessarily implied the missing words "by another." In the case at bar we believe there was no prejudice to defendant from the wording of the indictment. He was not hindered in the preparation of his defense by the use of "exerts" rather than "obtains" in the indictment. Collins' theory of defense was that the circumstances would not reasonably have induced him to believe the property was stolen and that he lacked the intent to deprive the owner permanently of the use or benefit of the property. Although we do not advocate or approve of the substitution of words with similar meaning for the actual words used in a criminal statute in a formal charge or indictment, we believe the merely technical defect in the indictment in this case does not require a reversal. The words "obtain" control and "exert" control are interchangeable given their plain and ordinary meaning used in the context of the conduct that the Criminal Code seeks to proscribe. The defendant was not prejudiced nor misled in the preparation of his defense and the criminal charge was specific enough to act as a bar to any future prosecution which might arise out of the same conduct. See *People v. Spicuzza* (5th Dist. 1976), 44 Ill. App. 3d 420, 358 N.E.2d 315.

■■ Defendant also claims that the first trial was improperly terminated by the declaration of a mistrial and that he was placed twice in jeopardy for the same offense by the retrial. At the end of the third day of the first trial and after the State's main witness Gary Biles had testified and been cross-examined, the State presented and disclosed to the defense a ten page police report. Because this report was a surprise to the defense and was a failure to comply with pretrial discovery procedure the defense moved for a mistrial. The trial judge offered the alternative that the trial be continued allowing defense counsel sufficient time to study the police report with the chance to recall witness Biles for further defense cross-

examination or that a mistrial be declared. The defendant chose to persist in his motion for mistrial which was granted.

The controlling issue determining whether the consequences of the Federal and State constitutional protections against double jeopardy apply, is whether the first trial was improperly terminated. We rely upon the trial court's finding upon the motion for discharge at the second trial "that there was no intentional effort to withhold from the defense nor was there any gross negligence on the part of the prosecution or the police in failing to provide this discovery at the appropriate time or at a more appropriate time." Defendant's reliance on *People v. Phillips* (1975), 29 Ill. App. 3d 529, 331 N.E.2d 163, is misplaced. In *Phillips* the court applied the "manifest necessity test" in deciding if a mistrial had been properly ordered. It is not necessary to apply that test in a waiver situation where the defendant consents to the mistrial or actually requests it, as he did here. In *Phillips* the mistrial was declared sua sponte by the trial court and not upon the defendant's own motion. See *United States v. Sanford* (1976), ___ U.S. ___, 50 L. Ed. 2d 17, 97 S. Ct. 20.

The record supports the trial court's findings that the police report was unknown to either the prosecutor or defense counsel prior to trial and that the State was not grossly negligent in not discovering the police report earlier. Further the record does not support a contention that the prosecutor intentionally caused the mistrial to secure an unfair advantage at the retrial. The case of *People v. Forbis* (4th Dist. 1973), 12 Ill. App. 3d 536, 298 N.E.2d 771, is controlling. Defendant was not placed in double jeopardy.

■■ The defendant argues that the trial court improperly admitted evidence of other crimes by allowing the prosecution to present testimony and exhibits regarding other burglaries by their chief witness Gary Biles and the sale of the burglarized property to defendant. It is a fundamental rule of criminal law that the prosecution may not introduce evidence of the commission of other crimes by the accused merely to show his criminal tendency or disposition. (*People v. Novotny* (1922), 305 Ill. 549, 137 N.E. 394.) The reason for the exclusion of evidence of other crimes is its highly prejudicial impact upon the jury. In this case defendant allegedly received several items of stolen property from Biles in this instance in addition to the property charged in the indictment. Under *People v. Cobetto* (1975), 32 Ill. App. 3d 696, 336 N.E.2d 505, Collins was guilty of only one offense at that time no matter how many different items were received by him from Biles or from how many different sources the stolen property came. Therefore defendant's claim of improper admission of evidence of other crimes is unfounded since there could be no other crimes.

■■ ■ With regard to the evidence which could arguably be of

defendant's other past crimes, that evidence clearly falls within an exception to the general rule of inadmissibility. (*People v. McDonald* (2d Dist. 1974), 23 Ill. App. 3d 86, 318 N.E.2d 489.) The evidence involved here was relevant to a main issue in the case, namely, whether Collins receipt of the stolen property was with knowledge that the property was stolen or under circumstances which would reasonably induce him to believe that the items were stolen. Evidence of other crimes is admissible for the purpose of proving an element of the offense charged, *i.e.*, intent. (See *People v. Parker* (3d Dist. 1976), 35 Ill. App. 3d 870, 343 N.E.2d 52.) The trial court's oral instructions to the jury throughout the trial concerning the limited nature of the testimony involving other crimes to show only guilty knowledge and not a criminal tendency in general were proper. *People v. Parker* (3d Dist. 1976), 35 Ill. App. 3d 870, 343 N.E.2d 52.

■■■ Defendant next contends that he was not proved guilty beyond a reasonable doubt of the offense of felony theft because of the lack of evidence establishing value in excess of $150 of the stolen property. Defendant argues that the evidence on the issue of the fair cash market value of the property stolen was insufficient to prove value at the later time defendant was charged with possession of the property. Defendant relies on *People v. Cobetto* (5th Dist. 1975), 32 Ill. App. 3d 696, 336 N.E.2d 505, where the court found insufficient evidence of fair market value based upon testimony as to cost or replacement cost of the stolen items. In the instant case there was competent testimony by the owner, who claimed familiarity with values of such stereo equipment, of current market value well in excess of $150 on the date the stereo equipment was stolen. (*People v. Brown* (3d Dist. 1976), 36 Ill. App. 3d 416, 343 N.E.2d 700.) We agree that original cost or replacement cost is not the standard in determining fair cash market value as we decided in *Brown*. However, we believe, here, that there was sufficient basis in the record for the jury to find the value of the stereo equipment in excess of $150 on March 18, 1975. Defendant was proved guilty of theft beyond a reasonable doubt.

Defendant argues that the trial court erred in giving People's Instructions 13a, 14a and 18. In Instructions 13a and 14a the court substituted "exerts control" for the statutory words "obtains control." In People's Instruction No. 18 the court gave the definition of the phrase "obtains or exerts control" provided in the statute. (Ill. Rev. Stat. 1975, ch. 38, par. 15—8.) As was indicated earlier we do not believe the interchanging of these words amounts to reversible error.

■■ Defendant also insists the court committed reversible error in refusing to give Defendant's Instruction No. 1 based upon Illinois Pattern Jury Instructions—Criminal No. 317 modified to insert the word "addict" for "accomplice." The evidence contained in the record established that

prosecution witness Gary Biles was a heroin addict. The tendered instruction sought to inform the jury that the testimony of a narcotics addict should be scrutinized carefully and that the drug addiction is an important factor affecting the addict's general reliability. A similar instruction in *People v. Phillips* (1970), 126 Ill. App. 2d 179, 261 N.E.2d 469, was held to be overbroad and properly refused. We believe the instant instruction was also overbroad because it would unreasonably single out the testimony of the addict. Defendant's Instruction No. 1 was properly refused.

Defendant's final contention is that the additional condition of his bail pending appeal, that he deposit $5,000 as security for payment of the $5,000 fine imposed as a part of his sentence, is excessive and without authority. Although this precise issue is one of first impression in Illinois, we denied defendant's motion for stay filed earlier in this court which substantially disposed of the issue. Were defendant indigent and not able to meet the appeal bond we would have seriously considered this requirement as a violation of constitutional equal protection provisions. The error here, if any, is harmless in light of our affirmance of the conviction. The issue becomes moot with resolution of this appeal.

For the foregoing reasons the judgment of conviction of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.