THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE COLLINS, Defendant-Appellant.

Third District   No. 76-456

Opinion filed August 31, 1977.

994

James L. Hafele, of Hafele & McDade, P. C., of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Willie Collins, initiated this appeal from the judgment of the Circuit Court of Peoria County entered on a jury verdict finding the defendant guilty of theft. On March 18, 1975, the defendant was arrested and charged by complaint with obtaining control over a stolen microwave oven. Subsequently, on March 20, 1975, the defendant was indicted for "exerting control" over the microwave oven on March 18, 1975. Another indictment was filed on February 4, 1976, charging the defendant "obtained control" of the microwave oven "on or about December 27, 1974 to March 18, 1975." Over a defense objection, the State's motion to dismiss the earlier indictment was granted.

The defendant moved to dismiss the new indictment because it failed

to state the date of the offense charged, as definitely as can be done. The motion was denied. In addition, when the cause came on for trial, the defendant moved, in the alternative, that he be discharged or that certain evidence be suppressed. The basis of this motion was that the evidence of which the defendant complained had been admitted into evidence against the defendant at a previous trial in another cause. This motion was also denied.

During the State's case-in-chief, the following testimony was presented: Rudy Lockerby testified, over a defense objection that the same testimony and exhibit were used against the defendant in a different trial, that his home was broken into and his microwave oven was taken. After Lockerby identified the microwave oven as his, the oven was admitted into evidence. Robert Collins, a major appliance manager at Montgomery Ward, testified that the approximate value of a used microwave oven between December 1974 and March 1975 was from $239 to $269, depending on its condition.

As the State's main witness, Gary Biles testified that he and two others broke into Lockerby's house and took a microwave oven which they took to Willie Collins' home and sold to him. Biles admitted that the two other men took the oven into the house while Biles waited outside. He also admitted to being a heroin addict at the time of the incident. However, in continuing his testimony, he stated he was involved in several subsequent burglaries, one of which was in December, 1974. Much of the spoils, including two stereos and four television sets, were taken to the defendant. Although this testimony was admitted into evidence for the limited purpose of showing intent, knowledge and motivation, Biles further testified that while delivering one of the stolen stereos to the defendant's house in January 1975, he observed the microwave oven and a person other than the defendant in the house.

Also to establish knowledge, intent, motive and design, Charles Schafer and Nancy Dearing were allowed to testify. Schafer identified people's exhibit No. 12 as a Sony television stolen from his home on January 30, 1975. Dearing identified people's exhibit No. 13 as an RCA color television taken from her residence on February 1 or 2, 1975.

Lastly, Officer Ted Bailey of the Peoria Police Department testified that he observed two television sets, identified as people's exhibits 12 and 13, at the defendant's record shop on March 18, 1975. On the same date, he observed a microwave oven, earlier identified as that stolen from the Lockerby residence, on top of the refrigerator in the kitchen of the defendant's home.

No evidence was presented by the defendant and his motion to dismiss and for a directed verdict, made after the State rested its case, were both denied. The jury found the defendant guilty, and the trial court entered

judgment upon the verdict and sentenced the defendant to a term of imprisonment of not less than 3 nor more than 10 years.

■■ The first issue raised by the defendant is whether the indictment is deficient because it alleged the offense occurred within a period of time, spanning almost three months, rather than alleging any specific date. The defendant contends that, because of Biles' testimony, the State could have been more definite about the date. In alleging the commission of an offense, a charge must state the date "as definitely as can be done." (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(4).) We believe the challenged indictment does that. Biles could not recall the exact date on which he stole the microwave oven and it was delivered to the defendant's house. He did, however, remember that subsequently in December of 1974 and January of 1975, he committed other burglaries. After one of these burglaries, in January, he observed the microwave in the defendant's house. In addition, Lockerby testified the burglary of his home occurred late in December of 1974. Since the burglary by Biles occurred late in December 1974, and the defendant was arrested on March 18, 1975, the indictment properly alleged a period of time spanning those dates during which the defendant obtained control over the oven. Nor could the State be more definite because, as the defendant points out, Biles' testimony, though putting the oven in the defendant's house, does not, alone, connect the defendant to the oven on any particular date. Therefore, the indictment is sufficient. In any event, had the defendant required a more specific date in preparing his defense, he should have moved for a bill of particulars (Ill. Rev. Stat. 1975, ch. 38, par. 111—6), but he did not.

■■ The defendant argues that, since he was already convicted of a possessory offense on March 18, 1975, he cannot be convicted of another. For this proposition, the defendant cites *People v. Cobetto* (5th Dist. 1975), 32 Ill. App. 3d 696, 336 N.E.2d 505. However, in *Cobetto* there was one receipt of a variety of goods from different sources. Here there were several separate receipts. (See *People v. Collins* (3d Dist. 1977), 48 Ill. App. 3d 643, 362 N.E.2d 1118.) These were separate and distinct acts for each of which the defendant may be tried. As a result, the trial court did not err by denying the defendant's motion to dismiss the indictment.

■■ In a related issue, the defendant challenges the use of evidence in this trial which was also presented against him at another trial. The basis of this argument, according to the defendant, is that the admission of this evidence violates principles of double jeopardy, res judicata and collateral estoppel. As we pointed out previously, this trial involves an act of the defendant separate and distinct from the acts for which he was already tried, and therefore, the principle of double jeopardy is not involved in this case. Furthermore, the evidence complained of was used for the limited purpose of showing intent, motive, design and knowledge

in one case and to establish the commission of a crime in the other case. As a result, the evidence in the first trial was not the same evidence as was presented in the second trial, and the issues raised in the first trial, as well as the findings of fact required to be made to decide those issues, were not involved in the second.

■■■ Next, the defendant contends that the defendant was denied his constitutional right to confront the witnesses against him. Since the defendant did not raise this issue in his post-trial motion, we consider it waived. (See *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Furthermore, we don't believe we should apply the doctrine of plain error to raise a mere question of the admissibility of hearsay evidence to the level of a constitutional argument. The evidence to which the defendant now objects was the testimony of Biles that his companion burglars, when delivering the microwave oven to the defendant's house, stated the defendant was in the house. To this testimony, the defendant did not object. Nor did the defendant move to strike it once the hearsay nature of the evidence was clearly established during the cross-examination of Biles. For these reasons, the issue of the admissibility of Biles testimony can not now be raised by the defendant. See, *People v. Jackson* (1st Dist. 1974), 23 Ill. App. 3d 945, 320 N.E.2d 591.

■■ The third issue raised by the defendant is whether the trial court erred by admitting evidence of subsequent crimes for the limited purpose of showing intent, knowledge, motivation and design. Specifically, the defendant objects to the testimony and exhibits regarding other burglaries by Biles and the delivery of the proceeds of the burglary to the defendant. Although the prosecution may not introduce evidence of the commission of other crimes by the accused merely to establish his criminal tendency or disposition (*People v. Novotny* (1922), 305 Ill. 549, 137 N.E. 394), evidence of another offense is admissible if it fairly tends to prove the offense charged by placing the defendant in proximity to the time and place, aiding or establishing identity, or tending to prove design, motive or knowledge. (*People v. Parker* (3d Dist. 1976), 35 Ill. App. 3d 870, 343 N.E.2d 52.) The contested evidence in the case at bar tends to prove that the defendant knew the microwave oven was stolen when he obtained control of it by showing that he obtained control over other stolen property. Therefore, the evidence was relevant and, since the trial court properly gave the jury limiting instructions, there was no error concerning the admissibility of the evidence of other crimes.

■■ Lastly, the defendant calls our attention to three alleged errors involving instructions to the jury. Initially, the defendant argues that the trial court erred in giving IPI Criminal No. 3.02, tendered by the State, because it failed to include the last paragraph of the instruction. That paragraph reads, "You should not find the defendant guilty unless the

facts and circumstances proved exclude every reasonable theory of innocence" and should be given only when the proof of guilt is entirely circumstantial. (IPI Criminal No. 3.02, Committee Note, at 21.) Since direct evidence was presented to show that the microwave oven was stolen, that the property was found in the defendant's house and that the burglars who stole the property delivered it to the defendant's home, the trial court properly refused to include the last paragraph of IPI Criminal No. 3.02 in its instruction to the jury.

Another instruction which the defendant challenges is an instruction tendered by the State and which was based on IPI Criminal No. 3.14. This instruction defines and limits the proof of other crimes. The defendant objects to it because none of the events admitted into evidence occurred prior to the incident upon which the indictment is based. As long as the evidence of other crimes is relevant to prove the offense alleged, it is of no consequence whether they occurred prior to or subsequent to the incident for which the defendant is being tried. Therefore, the trial court did not err by giving this instruction to the jury.

■■ The defendant also claims as error the refusal of the trial court to give an instruction tendered by the defendant. Based in form on IPI Criminal No. 3.17, the tendered instruction cautioned the jury to be suspicious of the testimony of a drug addict. Through this instruction, the defendant would have the trial court inform the jury that:

"You have before you testimony from a witness who admits having been addicted to drugs. The testimony of such a witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

It is the contention of the defendant that the giving of an instruction cautioning the jury against the use of the testimony of a drug addict is required by a reading of *People v. Phillips* (1st Dist. 1970), 126 Ill. App. 2d 179, 261 N.E.2d 469. This court considered this same issue in the defendant's appeal of a previous conviction. Therein we determined that the trial court properly refused the defendant's tendered instruction (*People v. Collins* (3d Dist. 1977), 48 Ill. App. 3d 643, 362 N.E.2d 1118), and we find nothing in this case which would warrant a different result.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.