THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLOS MONTANEZ, Defendant-Appellant.

Second District   No. 76-367

Opinion filed December 14, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant Montanez was convicted in a jury trial of burglary. On appeal he contends that the trial court committed reversible error by refusing to give one of defendant's tendered jury instructions. We affirm.

At trial, the only testimony linking defendant with the burglary was that of an accomplice. The accomplice admitted having been, at the time of the crime, a heroin addict. She also testified, however, that she had stopped taking heroin after her arrest, which was about four months prior to trial. Defendant submitted a jury instruction which reads as follows:

> "The fact that a witness *is* a narcotics addict may be considered by you in passing upon the credibility of that witness, for the testimony of a narcotics addict is subject to suspicion due to the fact that habitual users of narcotics are notorious liars." (Emphasis ours.)

The court refused this instruction because there was inadequate authority for it and because the facts of the case showed that the accomplice was not an addict at the time of trial. Counsel offered to revise the instruction to show that the fact that a witness *is* a narcotics addict may be considered in passing on the credibility of that witness. This was also refused.

■■■ The question of whether a witness is a narcotics addict at the time of trial is certainly relevant in considering the credibility of that witness, and counsel may use legitimate methods to attack the credibility of such a witness. (*People v. Lewis* (1962), 25 Ill. 2d 396, 185 N.E.2d 168.) However, we take particular note that both the tendered instruction and the proposed revision spoke of a witness who *is* a narcotics addict. By addressing the question in the present tense, counsel raised the question as to whether the witness was presently an addict. Other than asking the witness in the instant cause whether she was presently an addict, which she denied, defendant made no attempt to show by other evidence that she was an addict at the time of trial. Because a proposed instruction must be supported by evidence introduced at trial (*People v. Mitchell* (1975), 34 Ill. App. 3d 311, 304 N.E.2d 226), it was therefore proper for the trial court to deny the instruction and the revision of the instruction since there was no showing that the witness *is* a narcotics addict (*i.e.*, at the time of trial) as indicated in the instruction and the revision. Because no instruction was presented to the trial court regarding the credibility of a witness who was an addict at the time of the crime, as occurred in *People v. Phillips* (1970), 126 Ill. App. 2d 179, 261 N.E.2d 469, we need not reach the issue of the propriety of such an instruction. The decision of the trial court is accordingly affirmed.

Affirmed.

BOYLE and NASH, JJ., concur.