THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK D. JONES, Defendant-Appellant.

Third District    No. 78-132

Opinion filed December 28, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Kankakee County defendant was convicted of battery and resisting a peace officer. He was

sentenced to concurrent terms of 90 days in jail for each offense. On appeal defendant contends the State failed to rebut his affirmative defense of intoxication by failing to prove beyond a reasonable doubt that he acted knowingly when he committed the acts constituting the offenses charged.

On June 6, 1976, an employee of Key City Liquors called the police after being informed that defendant had fallen down in the store parking lot and was "bugging a customer to buy him some wine." Officer Whitson of the Kankakee City Police arrived at the parking lot in a marked patrol car and observed defendant, whom the officer described as "highly intoxicated." Whitson testified defendant was staggering and could hardly walk, had dirt all over him, had a flushed face and bloodshot eyes and could not speak understandably. The officer, who was wearing a regulation police uniform with the exception of a tie and star, approached defendant and advised him he was under arrest. Defendant swung his fist at Whitson, but the officer blocked the punch and, after a short struggle, handcuffed defendant and placed him in the back seat of the squad car. Defendant's parents, who arrived on the scene at this point, testified they saw the officer kicking their son's legs as he lay half in and half out of the squad car. Officer Vickery also arrived at the store parking lot and assisted Whitson in driving defendant to the police station. During the drive Vickery had to restrain defendant, who kicked his legs, hitting the back of Officer Whitson's headrest.

At the police station defendant was uncooperative in booking, did not answer any questions, and had to be carried to the cellblock. In the cellblock Officers Whitson, Vickery and Lezotte attempted to remove defendant's clothing in accord with normal jail procedure. Defendant resisted the officers' efforts, swearing at them, struggling with them, and kicking Officer Vickery in the groin. The officers finally subdued defendant, and he "appeared unconscious" as they carried him into a cell. However, as Vickery was leaving the cell defendant "came to" and began flailing his arms at the officer, striking him in the chin, chest and arms. Officer Lezotte testified that when he later went to secure the cellblock defendant reached through the bars, grabbed his shirt and ripped off the buttons.

■■ An intoxicated person is criminally responsible for his conduct, unless his condition of intoxication is so extreme that it negatives the existence of a mental state which is an element of the offense charged. (Ill. Rev. Stat. 1977, ch. 38, par. 6—3(a); *People v. Winters* (1963), 29 Ill. 2d 74, 193 N.E.2d 809.) Battery and resisting a peace officer are both specific intent crimes requiring proof that the defendant acted knowingly. (Ill. Rev. Stat. 1977, ch. 38, pars. 12—3, 31—1.) If the evidence presented is sufficient to

raise the affirmative defense of intoxication the burden is on the State to rebut that defense by proving beyond a reasonable doubt that defendant knew what he was doing when he committed the criminal acts. (*People v. Hayes* (1st Dist. 1976), 37 Ill. App. 3d 772, 347 N.E.2d 327; *People v. Aguirre* (2d Dist. 1975), 30 Ill. App. 3d 854, 334 N.E.2d 123.) Whether or not the State has sustained its burden is a factual determination to be made by the jury. *People v. Myers* (3d Dist. 1968), 94 Ill. App. 2d 340, 236 N.E.2d 786.

Although the jury in the present case determined that defendant knew what he was doing when he committed the offenses charged, defendant urges this court to reverse the jury's determination and hold that the State failed to sustain its burden. Defendant suggests his state of intoxication was such that it rendered him unable to cooperate with the police and unable to control the "involuntarily induced" movements of his arms and legs which resulted in the officers being struck. In addition defendant suggests he was unaware of his own conduct and unaware that Officer Whitson was a peace officer.

■■ There is no question that defendant Jones was intoxicated. All of the witnesses agreed on that fact. However, to be a defense to criminal charges, a condition of intoxication must be so extreme as to suspend all reason. (*Myers.*) "There are many degrees of intoxication through which an individual may pass before reaching the level of intoxication at which power of reason is entirely suspended so as to render him incapable of any mental action, such as forming the specific intent to commit a crime." (*Hayes*, 37 Ill. App. 3d 772, 774, 347 N.E.2d 327, 329.) Although defendant characterizes his conduct as an "inability" to cooperate with the police, the evidence indicates defendant's conduct could as well be characterized as an unwillingness to cooperate. Defendant claims his bodily movements were "involuntarily induced," but the jury could have concluded that the movements were calculated punches and kicks directed at the officers. Similarly, although defendant suggests he was unaware Officer Whitson was a peace officer, the evidence indicated the officer was wearing a regulation police shirt with shoulder patches, a gun and billyclub and was driving a marked police car with lights on top. Moreover, defendant's resistance was not directed solely at Officer Whitson, but included resistance to at least two other officers, both at the police station and in the cellblock.

■■ ■ "This court will not substitute its judgment for that of the jury in cases in which the facts could lead to either of two inferences unless the inference accepted by the jury is inherently impossible or unreasonable." (*People v. Parker* (3d Dist. 1976), 35 Ill. App. 3d 870, 874, 343 N.E.2d 52.) We do not believe it was impossible or unreasonable for the jury to

conclude that the defendant in the present case knew what he was doing when he committed the offenses of which he was convicted. Therefore, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.