THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD MOSLEY, Defendant-Appellant.

Third District   No. 79-198

Opinion filed May 16, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Carl Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, Ronald Mosley, from his conviction for theft of property having a value of more than $150 following a jury trial. The only issue presented in this appeal is whether the defendant was denied a fair and impartial trial by the testimony of an accomplice concerning the defendant's normal routine for "ripping off" gas stations and reference to this "routine" by the prosecutor during opening and closing arguments.

Jeane Putnam, the defendant's accomplice, testified that the theft in this case was carried out along the lines of a plan or design which had been employed by the two previously in other gas stations. That plan was that the defendant would get and keep the attendant's attention at the gas pumps while Putnam would enter the station and take the money.

■■ Because the defendant did not preserve this issue in his post-trial motion, the State argues that it has been waived for purposes of review. Underlying the principle of waiver is the rationale that the trial court must be given an opportunity to correct an alleged error, and therefore, the failure to include the issue in the post-trial motion is generally considered a waiver of such issue for purposes of review. (*People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) However, an error concerning the admission of evidence and argument of other crimes can be so grave as to be plain error. (*People v. Scott* (1968), 100 Ill. App. 2d 473, 241 N.E.2d 579; *People v. Clark* (1973), 12 Ill. App. 3d 280, 297 N.E.2d 395.) Therefore, we shall consider the issue here in order to determine whether an error actually occurred.

As a general rule, evidence of other crimes should not be admitted unless it tends to establish a fact in issue such as motive, intent, identity or absence of mistake, or demonstrates a *modus operandi* for the defendant or shows a common scheme or design. (*People v. Walters* (1979), 69 Ill. App. 3d 906, 387 N.E.2d 1230.) It is the State's contention that the evidence in the case at bar fits into the *modus operandi* exception. We disagree.

■■ The establishing of a defendant's *modus operandi* is merely a technique employed to identify the defendant as the perpetrator of the charged offense by demonstrating that another crime or other crimes committed by the defendant were so nearly identical in method to the offense charged that the offense charged is earmarked as the handiwork of the accused. (*People v. Osborn* (1977), 53 Ill. App. 3d 312, 368 N.E.2d 608.) Here, the defendant was otherwise identified as the perpetrator, and it does not appear that the evidence complained of was utilized to establish *modus operandi*.

■■ Instead, the evidence was used to show a common design or scheme. This is certainly an appropriate use of the evidence. In *People v. Walters* (1979), 69 Ill. App. 3d 906, 387 N.E.2d 1230, evidence that the defendant had been a "lookout" while a companion robbed a victim on each of three occasions, including the incident for which he was then standing trial, was admissible to show a common design or scheme.

Because the testimony and argument complained of in the case at bar pertain to a common scheme or design that is common both to the defendant and the accomplice who admitted actually taking the money, we find no error requiring reversal. Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.