THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANIEL RILEY, Defendant-Appellant.

Third District    No. 80-360

Opinion filed April 3, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:
This appeal is taken from the conviction of the defendant, Daniel Riley, of the theft of property valued at more than $150 following a bench trial in Will County. The defendant was sentenced to a term of three years' imprisonment.

Only one issue is raised on appeal: whether the trial court properly admitted evidence of another offense committed by the defendant for purposes other than to demonstrate the defendant's propensity to commit crimes.

At trial, State's witness Kathy Leggons testified that on the night of January 28, 1980, she was a passenger in a blue car driven by the defendant. Three Mexicans were also passengers in the car. The defendant drove around Morris, Illinois, looking at cars. Two of the Mexicans announced that they had seen a red car they wanted, so the defendant stopped the blue car he was driving, and the two Mexicans broke into the 1974 red Ford Torino, which belongs to the victim in the present case.

The defendant stated that he had seen a Mustang he wanted and that he would show Ms. Leggons and the remaining Mexican how to get into a car. The defendant then broke into the Mustang and started it, using a screwdriver he had with him in the blue car. At trial, Ms. Leggons identified the screwdriver used by the defendant by the presence of a yellow paint-like substance on the handle which was of a "peculiar configuration like one of the Rorschach blots."

The defendant, Ms. Leggons, and the Mexican then abandoned the blue car near a factory in Morris, drove the Mustang to a rendezvous with the red Ford taken earlier in the evening by the two Mexicans, and both cars headed for Joliet.

At approximately 8 p.m. the following evening a police officer in Joliet "spotted" the red Ford, which the owner had reported stolen. A chase ensued, terminating in the defendant's arrest as the driver of the stolen car. At the time of his arrest, the defendant had the paint splattered screwdriver in his pocket.

The defendant assigns as error the trial court's admission of the testimony of Ms. Leggons concerning his breaking into and taking of the Mustang. This testimony was admitted by the trial court for the specific purpose of demonstrating the defendant's intent and method of operation.

■■ The general rule is that evidence of the commission of other crimes by an accused is inadmissible as incompetent and irrelevant where it tends to establish nothing more than the defendant's propensity to commit crimes (*People v. Novotny* (1922), 305 Ill. 549, 137 N.E. 394), but it is admissible where it tends fairly to prove the offense charged by placing the defendant in proximity to the time and place, aiding or establishing identity, or tending to prove design, motive or knowledge. *People v. Parker* (1976), 35 Ill. App. 3d 870, 343 N.E.2d 52.

■■ The disputed testimony in the present case tends to prove the defendant's intent to commit theft. Furthermore, the fact that the defendant broke into and started the Mustang with the same screwdriver he had beside him in the blue car and which was later found in his pocket following his arrest as the driver of the red Ford establishes his method or system of operation.

The testimony of Ms. Leggons also tends to demonstrate a common

scheme or design. In an analogous situation this court held that the testimony of an accomplice that the defendant had a normal routine of "ripping off" gas stations by diverting the gas station attendant's attention while the accomplice entered the station and took the money was properly admitted to show a common design or scheme. *People v. Mosley* (1980), 84 Ill. App. 3d 62, 404 N.E.2d 1138.

The evidence of the Mustang's theft showed the defendant's knowledge of the theft of the red Ford Torino and the defendant's participation in that theft. (Accord, *People v. Collins* (1977), 51 Ill. App. 3d 993, 367 N.E.2d 504.) Accordingly, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.