THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK S. KIMBROUGH, Defendant-Appellant.

First District (3rd Division)  No. 83—2631

Opinion filed November 20, 1985.

James J. Doherty, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Frank G. Zelezinski, and Donna B. More, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

A jury found defendant, Mark S. Kimbrough, guilty of deviate sexual assault, aggravated battery and unlawful restraint. He was sentenced to imprisonment for 10 years. On appeal, he contends (1) that it was reversible error to admit facts of a subsequent crime into evidence and (2) that the State's use of its peremptory challenges to systematically exclude blacks from the jury denied him a fair trial. We affirm.

Defendant and the victim were students at a local college in Chicago. The victim is significantly shorter and lighter than defendant. The victim testified that on October 26, 1982, at defendant's request, he and defendant went into the school basement. Once in the basement, defendant asked the victim to fill out a card with his name, address and telephone number for a purported gymnastics class. After the victim complied with the request, defendant put the card in his notebook and asked the victim why he always "got hard" in class. Defendant then opened his jacket and showed the victim a pistol, saying, "I don't want to have to use this." The victim was then directed into a nearby washroom. Defendant put the pistol to the victim's neck and chest, then put his mouth on the victim's penis and performed fellatio. Afterwards, defendant and the victim left the washroom. Defendant then warned the victim not to discuss the incident with anyone. Thereafter, defendant and the victim had several homosexual encounters over a period covering five to six weeks. On November 29, 1982, the victim told security officers what had happened. That was the first time the victim told anyone what had occurred.

The State called another witness who testified to an encounter he had with defendant. The witness was also a student at the school attended by defendant and the victim. Like the victim, the witness was significantly shorter and lighter than defendant. The witness testified that on November 24, 1982, defendant asked him to follow defendant to the school basement, and to fill out a card with his name, address and telephone number. In the basement, defendant placed the card in his notebook. He then opened his jacket and pulled a pistol halfway out and said, "Don't run or I won't hesitate to kill you." Defendant then referred to the victim by name, stating that the victim had been cooperating with him for five or six weeks,

and that if the witness did not also cooperate with him, he would go after the witness' parents. When some people walking by created a disturbance, the witness ran. Defendant chased and caught him. The two youths struggled, and finally defendant was apprehended by security guards.

At trial, defendant's notebook, which both students identified as containing their respective information cards, was admitted in evidence. The pistol, which was discovered to be merely a starter pistol for sporting events, was also admitted in evidence.

Defendant first contends that it was reversible error to admit in evidence the testimony relating to the subsequent criminal act of defendant. Defendant makes the same arguments that are often made when the admissibility of other crimes or wrongful conduct is raised. We shall therefore discuss the arguments involving this issue in a compendious fashion.

■ Evidence of other crimes or wrongful conduct is not admissible to show the defendant's character or propensity to commit crime or wrongful acts.[1] Where evidence has no value beyond the inference that the defendant has a propensity for the crime charged, the evidence is excluded. The underlying rationale is that such evidence is objectionable not because it has no appreciable probative value, but because it has too much. The law distrusts the inference that because a man has committed other crimes, he is more likely to have committed the crime charged. (*People v. Lehman* (1955), 5 Ill. 2d 337, 342, 125 N.E.2d 506, 509; *People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288, 290.) However, evidence of other crimes is admissible if it is relevant for any purpose other than to show the defendant's character or propensity to commit crime. (*People v. Stewart* (1984), 105 Ill. 2d 22, 61-62, 473 N.E.2d 840, 860; *People v. Baptist* (1979), 76 Ill. 2d 19, 27, 389 N.E.2d 1200, 1204.) Thus, evidence of the commission of other crimes is admissible if it is relevant to prove *modus operandi* (*People v. Matthews* (1985), 137 Ill. App. 3d 870; *People v. Lewis* (1983), 115 Ill. App. 3d 389, 400-01, 450 N.E.2d 886, 894, *rev'd on other grounds* (1984), 103 Ill. 2d 111, 468 N.E.2d 1222), motive (*People v. MacRae* (1977), 47 Ill. App. 3d 302, 311, 361 N.E.2d 685, 692), knowledge (*People v. Riley* (1981), 94 Ill. App. 3d 775, 777, 419 N.E.2d 106, 108), intent (*People v. Bartall* (1983), 98 Ill. 2d 294, 310-14, 456 N.E.2d 59, 66; *People v.*

---

[1]Hereinafter, the term other crimes shall be used as a reference to both other crimes and wrongful conduct. See *Wernowsky v. Economy Fire & Casualty Co.* (1985), 106 Ill. 2d 49, 53, 477 N.E.2d 231, 233.

*Riley* (1981), 94 Ill. App., 3d 775, 776, 419 N.E.2d 106, 108), absence of mistake or accident (*People v. Lehman* (1955), 5 Ill. 2d 337, 343, 125 N.E.2d 506, 509), defendant's state of mind (*People v. Hoddenbach* (1983), 116 Ill. App. 3d 57, 61-62, 452 N.E.2d 32, 36), absence of an innocent frame of mind or the presence of criminal intent (*People v. McKibbins* (1983), 96 Ill. 2d 176, 185-86, 449 N.E.2d 821, 825), circumstances or context of defendant's arrest (*People v. Bartall* (1983), 98 Ill. 2d 294, 310, 456 N.E.2d 59, 66-67; *People v. McKibbins* (1983), 96 Ill. 2d 176, 184, 449 N.E.2d 821, 824), placement of defendant in proximity to the time and place of the crime (*People v. Lewis* (1983), 115 Ill. App. 3d 389, 400, 450 N.E.2d 886, 894; *People v. Reppa* (1982), 104 Ill. App. 3d 1123, 1127, 433 N.E.2d 1091, 1095), identification of the weapon used in the crime (*People v. Carter* (1967), 38 Ill. 2d 496, 504, 232 N.E.2d 692, 697), consciousness of guilt (*People v. Bartall* (1983), 98 Ill. 2d 294, 313-14, 456 N.E.2d 59, 68; *People v. Baptist* (1979), 76 Ill. 2d 19, 27, 389 N.E.2d 1200, 1204), that the crime charged was part of a common design, scheme or plan of the defendant (*People v. Lehman* (1955), 5 Ill. 2d 337, 343, 125 N.E.2d 506, 509; *People v. Kissinger* (1983), 116 Ill. App. 3d 826, 831-32, 452 N.E.2d 615, 618-19), circumstances of the crime charged that would otherwise be unclear (*People v. Cole* (1963), 29 Ill. 2d 501, 504-05, 194 N.E.2d 269, 271; *People v. Turner* (1979), 78 Ill. App. 3d 82, 92, 396 N.E.2d 1139, 1146), whether the crime charged was actually committed (*People v. Fuller* (1983), 117 Ill. App. 3d 1026, 1034, 454 N.E.2d 334, 341) and opportunity or preparation (*United States v. Robinson* (2d Cir. 1977), 560 F.2d 507, 513; see Fed. R. Evid. 404(b), cited in *Wernowsky v. Economy Fire & Casualty Co.* (1985), 106 Ill. 2d 49, 53, 477 N.E.2d 231, 233).

In addition, evidence of other crimes is admissible to demonstrate the defendant's dislike for, or attitude toward, the victim (*People v. Kissinger* (1983), 116 Ill. App. 3d 826, 832, 452 N.E.2d 615, 619), or to explain an otherwise implausible fact relating to the crime charged, as where evidence of a narcotics agent's prior drug purchases from the defendant is admitted to explain the otherwise unrealistic ease with which the purchase in question was made (*People v. Romero* (1977), 66 Ill. 2d 325, 331, 362 N.E.2d 288, 290). Further, evidence of other crimes is admissible on rebuttal to contradict defendant's denials (*People v. Kissinger* (1983), 116 Ill. App. 3d 826, 832, 452 N.E.2d 615, 619), to disprove a defense of entrapment (*People v. Outten* (1958), 13 Ill. 2d 21, 25, 147 N.E.2d 284, 286), or to disprove an alibi defense (*People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288, 290). The listing of these instances as to when evidence of other

crimes may be admitted should not be taken to mean that these are the only purposes for which evidence of other crimes may be admitted. (See *People v. Stewart* (1984), 105 Ill. 2d 22, 61-62, 473 N.E.2d 840, 860.) Also, some of the instances listed often crossover and interrelate with other instances in a given case.

■ In the present case, the State argues that the subsequent act was admissible to prove a common scheme or design and to show the circumstances of defendant's arrest. We disagree with the State's arguments, although we believe the evidence was admissible to prove *modus operandi* and that the crime charged was actually committed.

■ *Modus operandi* and common design, scheme or plan are distinct concepts, and therefore they are not interchangeable bases for the admissibility of evidence of other crimes. Different principles are applicable to each. *People v. Barbour* (1982), 106 Ill. App. 3d 993, 999, 436 N.E.2d 667, 672.

A common design, scheme or plan refers to a criminal scheme of which the crime charged is only a part. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 999-1000, 436 N.E.2d 667, 672.) If evidence of other crimes is offered to establish that the crime charged was part of a common design, scheme or plan of defendant, there must be a high degree of identity between the facts of the crime charged and those of the other crime. The two crimes must be so similar that evidence of the other crime tends to prove defendant guilty of the crime charged. The reason this similarity is required is that defendant's participation in the crime charged may be inferred from his involvement in the other crime. *People v. McKibbins* (1983), 96 Ill. 2d 176, 185-86, 449 N.E.2d 821, 825.

*Modus operandi* means, literally, "method of working." It refers to a pattern of criminal behavior so distinct that separate crimes or wrongful conduct are recognized as the work of the same person. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1000, 436 N.E.2d 667, 672.) If evidence of other crimes is offered to prove *modus operandi*, there must be some clear connection between the other crime and the crime charged which creates a logical inference that if defendant committed one of the acts, he may have committed the other act. This inference of identity does not arise from the mere fact that the crime charged and the other crime share certain common features or marks of similarity, for it may be that these similarities are shared not only by the crime charged and defendant's other crime, but also by numerous distinct crimes committed by persons other than the defendant. Rather, the inference is created when both crimes share peculiar and distinctive common features so as to earmark both crimes as the

handiwork of the defendant. (*People v. Matthews* (1985), 137 Ill. App. 3d 870, 875-76.) There must be some distinctive features that are not common to most offenses of that type. (*People v. Dickerson* (1983), 119 Ill. App. 3d 568, 574, 456 N.E.2d 920, 925.) While there must be a strong and persuasive showing of similarity between the other crime and the crime charged to satisfactorily demonstrate *modus operandi* (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1000, 436 N.E.2d 667, 672), it is not necessary that the crimes be identical for the other crime to be admitted in evidence to prove *modus operandi*. *People v. Anderson* (1982), 108 Ill. App. 3d 563, 570-71, 439 N.E.2d 65, 70; *People v. Lewis* (1983), 115 Ill. App. 3d 389, 394, 450 N.E.2d 886, 894, *rev'd on other grounds* (1984), 103 Ill. 2d 111, 468 N.E.2d 1222.

 In the present case, we do not believe that it may be inferred that defendant committed the crime charged as part of a criminal scheme which included the subsequent act. However, we believe that the crime charged and the subsequent act share peculiar and distinctive common features so as to earmark both acts as the handiwork of the same person. The two acts taken together demonstrate a "method of working." It follows that the subsequent act was admissible to prove *modus operandi* and that the crime charged was actually committed. Evidence of other crimes may be relevant not only to the issue of who committed a crime, but also to the issue of whether a crime was committed at all. (*People v. Fuller* (1983), 117 Ill. App. 3d 1026, 1034-35, 454 N.E.2d 334, 341.) This principle is applicable to a case like the present one, where defendant contends that as between himself and the victim, "the question was did they meet by mutual consent or only by threat of force." But see *People v. Barbour* (1982), 106 Ill. App. 3d 993, 1000-01, 436 N.E.2d 667, 672.

As to the State's argument that the subsequent act was admissible to prove the circumstances of defendant's arrest, different rules apply. The high degree of identity between the crime charged and the other crime is not necessary when evidence of the other crime is not offered to prove *modus operandi* or that the crime charged was part of a common design, scheme or plan. When evidence is offered for any other permissible purpose, then only some threshold similarity or mere general areas of similarity between the crime charged and the other crime is required for admissibility. See *People v. Bartall* (1983), 98 Ill. 2d 294, 309-14, 456 N.E.2d 59, 67; *People v. McKibbins* (1983), 96 Ill. 2d 176, 185-86, 449 N.E.2d 821, 825.

 In the present case, there is at least some threshold similarity between the crime charged and the subsequent act. However, before

evidence of any kind is admissible, it must be relevant. (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 1000; see Fed. R. Evid. 402.) Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. (*People v. Stewart* (1984), 105 Ill. 2d 22, 54, 473 N.E.2d 840, 856, citing Fed. R. Evid. 401.) Here, the circumstances of defendant's arrest was not a fact of consequence to the determination of the case. Thus, the subsequent act was not admissible to prove the circumstances of defendant's arrest because it was not relevant.

■ We next consider defendant's argument that the testimony of the victim was weak and that evidence of the subsequent act merely strengthened his credibility and showed that defendant committed another crime. Defendant is correct in his argument that evidence of other crimes is not admissible solely to enhance or bolster the credibility of the State's witnesses. (*People v. Romero* (1977), 66 Ill. 2d 325, 329-32, 362 N.E.2d 288, 290; *People v. Lewis* (1983), 115 Ill. App. 3d 389, 400-01, 450 N.E.2d 886, 895; *People v. Barbour* (1982), 106 Ill. App. 3d 993, 1001, 436 N.E.2d 667, 673.) However, in this case, evidence of the subsequent act was properly admissible to prove *modus operandi* and that the crime charged was actually committed. Therefore, the subsequent act was not admitted solely to enhance or bolster the credibility of the victim's testimony. Evidence which is otherwise admissible will not be excluded merely because it shows that defendant committed a crime other than the one for which he is being tried (*People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, 492-93) or because it may enhance or bolster the credibility of the State's witnesses.

■ In considering whether the subsequent act was admissible to prove *modus operandi,* we have examined the record to determine if it sufficiently shows that the subsequent act took place and was committed by defendant. (*Wernowsky v. Economy Fire & Casualty Co.* (1985), 106 Ill. 2d 49, 55, 477 N.E.2d 231, 233; *People v. Miller* (1977), 55 Ill. App. 3d 421, 426, 370 N.E.2d 1155, 1159.)[2] In this regard, the State need not establish that defendant committed the subsequent act beyond a reasonable doubt since defendant is not on trial

---

[2]But *cf. People v. Osborn* (1977), 53 Ill. App. 3d 312, 322-23, 368 N.E.2d 608, 616 (stating that the rule is that "acquittal of the prior offense does not necessarily render evidence thereof incompetent. The prior acquittal does not require application of the theories of estoppel by verdict or res judicata"). In *Osborn,* the court affirmed a ruling allowing the admission of a prior "crime," although the charge against defendant for that alleged prior crime was dismissed after a preliminary hearing.

for the subsequent act. (*Wernowsky v. Economy Fire & Casualty Co.* (1985), 106 Ill. 2d 49, 55, 477 N.E.2d 231, 233; *People v. Baptist* (1979), 76 Ill. 2d 19, 28, 389 N.E.2d 1200, 1205; *People v. MacRae* (1977), 47 Ill. App. 3d 302, 311, 361 N.E.2d 685, 691.) We have concluded that the testimony of the witnesses sufficiently demonstrates that the subsequent act took place and was committed by defendant.

■ We have also examined the record to determine if evidence of the subsequent act was too detailed. (See *People v. Stewart* (1984), 105 Ill. 2d 22, 61, 473 N.E.2d 840, 859.) The rule is that the trial court should carefully limit evidence of another crime to evidence that is relevant to the issue on which the other crime is admitted. Ordinarily, it should not be necessary to conduct a mini-trial of the other crime. However, if it would be difficult to explain or describe circumstances surrounding a defendant's other crime without introducing a substantial amount of evidence concerning the other crime, then relevant, detailed evidence of the other crime is admissible to the extent necessary to accomplish the purpose for which the evidence is being admitted. (*People v. Bartall* (1983), 98 Ill. 2d 294, 315, 456 N.E.2d 59, 69; *People v. McKibbins* (1983), 96 Ill. 2d 176, 187, 449 N.E.2d 821, 824; compare *People v. Diaz* (1979), 78 Ill. App. 3d 277, 280, 397 N.E.2d 148, 150.) We conclude that the evidence of the subsequent act in the present case was detailed only to the extent necessary to show defendant's *modus operandi* and that the crime charged was actually committed.

■ In reviewing the record, we note that the trial court expressed concern about the admissibility of the subsequent act because it was "post-offense conduct." On this point, if another crime has a tendency to make the existence of a fact of consequence to the determination of the case more probable than it would be without that evidence, then it is relevant and admissible regardless of whether the other crime occurred before or after the crime charged. See *People v. Bartall* (1983), 98 Ill. 2d 294, 312-14, 456 N.E.2d 59, 67-69.

We next consider whether the subsequent act was admissible after applying the balancing test. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 188-89, 449 N.E.2d 821, 826-27.) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. (See *People v. Stewart* (1984), 105 Ill. 2d 22, 62, 473 N.E.2d 840, 860; see also Fed. R. Evid. 403.) Under all of the circumstances in this case, especially as they relate to defendant's *modus operandi* and whether the crime charged was actually committed, we conclude that the probative value of the evidence of the subsequent act was not substantially outweighed by

prejudicial unfairness.

Lastly, on this issue, we observe that the admission of evidence is within the sound discretion of the trial court, and its ruling should not be reversed absent a clear showing of abuse of that discretion. (*People v. Ward* (1984), 101 Ill. 2d 443, 456, 463 N.E.2d 696, 702.) This principle has been specifically applied to cases involving the admission of other crimes. (*People v. Anderson* (1982), 108 Ill. App. 3d 563, 570, 439 N.E.2d 65, 70; *People v. Reppa* (1982), 104 Ill. App. 3d 1123, 1127, 433 N.E.2d 1091, 1095.) Plainly, there has been no abuse of discretion here.

■■ We next address defendant's remaining argument. Defendant contends that during *voir dire* the State used seven of its eight peremptory challenges to exclude blacks from the jury. Defendant, a black, made a motion for mistrial, which was denied. Defendant contends that the State's use of its peremptory challenges to systematically exclude blacks from the jury in this case denied him a fair trial as provided under the sixth amendment to the United States Constitution. Defendant relies solely upon *People v. Payne* (1982), 106 Ill. App. 3d 1034, 436 N.E.2d 1046. However, the appellate court decision in *Payne* was reversed by the Illinois Supreme Court. (*People v. Payne* (1983), 99 Ill. 2d 135, 457 N.E.2d 1202.) We must therefore reject defendant's argument.

We, of course, are bound by and would not deviate from the Illinois Supreme Court decision in *Payne*. However, the use of peremptory challenges by prosecutors to systematically exclude blacks from juries continues to be "one of the gravest and most persistent problems facing the American judiciary today." (*Williams v. Illinois* (1984), 466 U.S. 981, 983, 80 L. Ed. 2d 836, 838, 104 S. Ct. 2364, 2366 (Marshall, J., dissenting, joined by Brennan, J.).) In reality, it is a judicial problem that finds itself immersed within a social problem. This is evidenced by the fact that it involves a judicial imprimatur upon a procedure that is palpably abhorrent to a group that now numbers 26 million (U.S. Dept. of Commerce, Bureau of the Census, Supplementary Reports, Age, Sex, Race, and Spanish Origin of the Population by Regions, Divisions, and States at 3 (1980)) and is exceeded in population only by the English, German and Irish (U.S. Dept. of Commerce, Bureau of the Census, Supplementary Report, Ancestry of the Population by State at 2 (1980)). Recognizing the socio-judicial aspect of this problem, one justice on our Illinois Supreme Court has recently stated that a prosecutor's systematic exclusion of blacks from a jury in a case solely because of their birth pigmentation is "unconstitutional, un-American and unconscionable." (*People v. Alford* (1984),

101 Ill. 2d 568, 579-80 (appeal denied, Simon, J., dissenting).) We agree.[3]

Under the circumstances, we observe that although we are bound to follow the Illinois Supreme Court decision in *Payne,* the United States Supreme Court recently granted *certiorari* to review the question of whether it is a violation of the sixth amendment of the United States Constitution for the State to use its peremptory challenges to systematically exclude blacks from the jury in a case solely because of their race. *Batson v. Kentucky* (1985), 471 U.S. 1052, 85 L. Ed. 2d 476, 105 S. Ct. 2111.

For the reasons stated in *People v. Frazier* (1984), 127 Ill. App. 3d 151, 155, 469 N.E.2d 594, 597-98, we make known that the prosecutors representing the State in the trial of the present case were Paul Perry and John Groark. We pass no judgment and make no inference regarding their conduct or motive in the present case or in any other case. *People v. Loggins* (1985), 134 Ill. App. 3d 684, 699, 480 N.E.2d 1293, 1304 (Johnson, J., specially concurring); *People v. Goodum* (1984), 127 Ill. App. 3d 350, 356, 468 N.E.2d 1237, 1241. See also *People v. Alford* (1984), 101 Ill. 2d 568, 579-80 (appeal denied, Simon, J., dissenting).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WHITE, P.J., and McGILLICUDDY, J., concur.

---

[3]The discussion in the text is respectfully made on the basis that further consideration of the problem by other courts was invited by three members of the United States Supreme Court. *McCray v. New York, Miller v. Illinois* and *Perry v. Louisiana* (1983), 461 U.S. 961, 962, 77 L. Ed. 2d 1322, 1322, 103 S. Ct. 2438, 2438 (Stevens, J., upon denial of petitions for writs of *certiorari*). In his opinion, with Justices Blackmun and Powell concurring, Justice Stevens stated: "My vote to deny certiorari in these cases *does not reflect disagreement with Justice Marshall's appraisal of the importance of the underlying issue*—whether the Constitution prohibits the use of peremptory challenges to exclude members of a particular group from the jury, based on the prosecutor's assumption that they will be biased in favor of other members of the same group. I believe that further consideration of the substantive and procedural ramifications of the problem by other courts will enable us to deal with the issue more wisely at a later date." 461 U.S. 961, 962, 77 L. Ed. 2d 1322, 1322, 103 S. Ct. 2438, 2438. See *People v. Bonilla* (1983), 117 Ill. App. 3d 1041, 1046, 453 N.E.2d 1322, 1325 (White, J., specially concurring).