THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES A. MANESS, Defendant-Appellant.

Fourth District   No. 4—88—0418

Opinion filed June 15, 1989.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Kenneth R. Boyle, Robert J. Biderman, and Robert W. Mueller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A jury in the circuit court of Douglas County found the defendant, Charles A. Maness, guilty of criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3)) with a minor family member. The circuit court of Douglas County sentenced the defendant to a 12-year term of imprisonment in the Illinois Department of Corrections.

On appeal, the defendant's sole contention is the circuit court erred in admitting sexual misconduct testimony of a second family member under the design exception to the exclusionary rule on evidence of other crimes. We affirm.

Prior to trial, the defendant filed a motion *in limine* to suppress any testimony on acts of sexual misconduct extraneous to the instant charge. The defendant argued the extraneous sexual misconduct testimony was irrelevant to prove any issue other than propensity to commit the charged crime. As such, the extraneous sexual miscon-

duct testimony was inadmissible under the exclusionary rule on evidence of other crimes. In response, the State argued the extraneous sexual misconduct testimony was relevant to prove the issues of either (1) the common design, plan, and scheme of the defendant or (2) the *modus operandi* of the defendant. As a result, the extraneous sexual misconduct testimony was admissible under the exceptions to the exclusionary rule on evidence of other crimes. The circuit court took the motion *in limine* under advisement pending an offer of proof about the exceptions to the exclusionary rule on evidence of other crimes from the State.

In support of its argument, the State offered the testimony of the two daughters of the defendant: T.M. and K.M. T.M., a minor, is the victim of the instant charge. K.M., an adult, is the victim of the acts of sexual misconduct extraneous to the instant charge.

T.M. testified the defendant first sexually abused her at age six or seven. The sexual abuse continued on a biweekly basis through the time of the instant charge in September of 1986. The sexual abuse progressed from genital fondling to vaginal intercourse. T.M. next testified the defendant met her attempts at resistance with threats of physical violence. T.M. lastly testified the defendant threatened family separation and parental strife to discourage her from reporting the sexual abuse.

K.M. testified the defendant first sexually abused her at age three or four. The sexual abuse continued on a sporadic basis through the time K.M. left the parental home in the late summer of 1984. The sexual abuse progressed from genital fondling to vaginal and anal intercourse. K.M. next testified the defendant met her attempts at resistance with physical violence. K.M. lastly testified she first became aware the defendant had also sexually abused T.M. in 1977. K.M. did not make any attempt to report the sexual abuse of either herself or T.M. until 1982. At that time, K.M. suspected she had previously suffered a miscarriage and reported the sexual abuse of the defendant to school authorities. K.M. subsequently recanted her sexual abuse report under the threats of abandonment, family separation, and parental strife from the defendant.

After the offer of proof from the State, the circuit court denied the motion *in limine* of the defendant. In its evidentiary ruling on the motion *in limine*, the circuit court stated:

"The evidence here does show a similarity of other occurrences or other instances, whereby similar conduct is alleged to have occurred between this defendant and the daughters. It cannot be used for any purpose other than to show the com-

mon scheme, plan, design and *modus operandi* identification, intent—and whether the person has a propensity to commit a crime."

At trial, however, the circuit court prefaced the testimony of K.M. with a brief cautionary instruction to the jury on only the design exception to the exclusionary rule on evidence of other crimes. Given the discrepancy between the evidentiary ruling and the limiting instruction, it is apparent the circuit court used the design and *modus operandi* exceptions to the exclusionary rule on evidence of other crimes in an interchangeable manner.

■■ ■ Relying on *People v. Testa* (1984), 125 Ill. App. 3d 1039, 466 N.E.2d 1126, the State initially contends the defendant has waived review of this allegation of error in failing to file a motion for a new trial. As a general rule, an allegation of error is waived for the purpose of review where a litigant fails to file a motion for a new trial. (See Ill. Rev. Stat. 1987, ch. 38, par. 116—1; *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) At the discretion of the reviewing court, however, this general rule is excepted where a litigant has in some manner brought the alleged error to the attention of the circuit court. (*People v. Wilson* (1981), 92 Ill. App. 3d 370, 379, 415 N.E.2d 1315, 1322.) In the instant action, the defendant objected to the admission of the extraneous sexual misconduct testimony both before trial and at trial. As this testimony could, if erroneously admitted, substantially prejudice the case of the defendant, we will review the appeal on its merits.

The State alternatively contends the admission of the extraneous sexual misconduct testimony was not prejudicial to the defendant. Such evidence is always prejudicial, but its probative value here outweighs its prejudicial impact.

■ As a general rule, evidence of other crimes, *i.e.*, wrongful conduct for which the defendant is not on trial, is inadmissible to prove the defendant has a propensity to commit the charged criminal offense. (*People v. Lehman* (1955), 5 Ill. 2d 337, 342, 125 N.E.2d 506, 509.) The rationale underlying this rule is that such evidence overpersuades the jury that the defendant is a bad person deserving punishment. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 137, 402 N.E.2d 238, 242.) Thus, evidence of other crimes could substantially prejudice the case of the defendant. See *People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288, 290.

■ There are, however, exceptions to the general rule. Evidence of other crimes is admissible to prove any relevant purpose other than the propensity of the defendant to commit crime. (*People v.*

*Dewey* (1969), 42 Ill. 2d 148, 157, 246 N.E.2d 232, 237; *People v. Mc-Donald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, 493.) Such relevant purposes include, *inter alia,* (1) the absence of accident or mistake, (2) the existence of a common design, plan, and scheme, (3) identity, (4) intent, (5) *modus operandi,* and (6) motive. *Lehman,* 5 Ill. 2d at 342-43, 125 N.E.2d at 509; see also *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 484-86, 485 N.E.2d 1292, 1296-97.

■ Notwithstanding the interchangeable manner of use in the circuit court, the exceptions to the exclusionary rule on evidence of other crimes are separate legal principles. The design exception "refers to a larger criminal scheme of which the crime charged is only a portion." (*People v. Barbour* (1982), 106 Ill. App. 3d 993, 999, 436 N.E.2d 667, 672.) It is relevant to prove the motive for the charged crime. (*Barbour,* 106 Ill. App. 3d at 1000, 436 N.E.2d at 672.) To admit testimony into evidence under this exception, there must be a high degree of factual similarity between the charged crime and the other crime. *People v. McKibbins* (1983), 96 Ill. 2d 176, 185-86, 449 N.E.2d 821, 825.

■ In contrast, the *modus operandi* exception "refers to a pattern of criminal behavior so distinct that separate crimes or wrongful conduct are recognized as the work of the same person." (*Kimbrough,* 138 Ill. App. 3d at 486, 485 N.E.2d at 1297.) It is relevant to prove the identity of the perpetrator and his commission of the charged crime. (*Kimbrough,* 138 Ill. App. 3d at 487, 485 N.E.2d at 1298.) To admit testimony into evidence under this exception, there must be some distinctive features between the charged crime and the other crime that are not common to the type of offense. *People v. Tate* (1981), 87 Ill. 2d 134, 142-43, 429 N.E.2d 470, 475.

■ In this case, we find the testimony of T.M. and K.M. share a sufficient degree of factual similarity to be admissible under the *modus operandi* exception to the exclusionary rule on evidence of other crimes. The defendant first sexually abused his daughters at an extremely young age. The sexual abuse progressed from inappropriate fondling to incestuous intercourse. The defendant met the resistance of his daughters with actual and threatened physical violence. To discourage his daughters from reporting the sexual abuse, the defendant mentally played on their normal fear of family separation and parental strife. It therefore follows, given the degree of factual similarity between the crimes, the jury could reasonably infer the defendant had sexually abused T.M. from the sexual misconduct testimony of K.M. describing the "method of work" of the defendant. See *People v. Brewer* (1983), 118 Ill. App. 3d 189, 193-94, 454

N.E.2d 1023, 1027-28.

We also find the circuit court allowed the extraneous sexual misconduct testimony only to the extent necessary to prove the factual similarity to the charged crime. The circuit court is to limit evidence of other crimes to that relevant on the issue for which it is admitted. (*People v. Bartall* (1983), 98 Ill. 2d 294, 315, 456 N.E.2d 59, 69.) The testimony of K.M. on her sexual abuse report and suspected miscarriage is relevant to explain her recantation on the presented issue. Accordingly, the extraneous sexual misconduct testimony was admissible against the defendant.

While the limiting instruction to the jury focused on the design exception, there was no likelihood of confusion that would disadvantage the defendant. The circuit court used the design and *modus operandi* exceptions interchangeably even though they are separate legal principles. However, the offer of proof on the factual similarity between the crimes was sufficient for the circuit court to conclude the jury was entitled to hear the sexual misconduct evidence about the defendant.

■ An evidentiary ruling on the admission of testimony into evidence is a matter within the discretion of the circuit court. Absent an abuse of that discretion, an evidentiary ruling of the circuit court will not be altered on review. (*People v. Ward* (1984), 101 Ill. 2d 443, 455-56, 463 N.E.2d 696, 702.) The circuit court properly admitted the extraneous sexual misconduct testimony of a second family member under the *modus operandi* exception to the exclusionary rule on evidence of other crimes.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.