THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES E. SMITH, Defendant-Appellee.

Fifth District   No. 5—91—0897

Opinion filed November 12, 1992.

Charles Grace, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Charles E. Smith, was charged with residential burglary, theft (under $300), and battery in connection with an incident which occurred in the early morning hours of September 2, 1988. During jury selection, defendant made an oral motion *in limine* to exclude evidence from two other cases against him involving similar offenses in the same general area and time period which the State intended to introduce to demonstrate *modus operandi*. The circuit court of Jackson County granted defendant's motion on the basis the attacks against the other two victims did not possess any distinctive feature not common to most offenses of that nature. The State appeals arguing suppression of the evidence substantially impairs its ability to prosecute the case. We reverse.

In the early morning hours of September 2, 1988, an assailant entered the house of the victim, an unmarried woman living alone, through a window. The victim was asleep in bed when a man suddenly pounced on her. The assailant used his body to hold her down and placed a pillow over the victim's face so she could not see him. He then turned on a light and began speaking softly and politely to the victim. He made the victim turn on her stomach and began

fondling her buttocks. The victim convinced the man not to sexually assault her because she was a "fat, old woman." The assailant then took money from her purse, and before leaving asked the victim what she would tell the police. The State's offer of proof concerning the testimony of the other two victims who had been attacked in the same area of the city and within a three-week time period revealed several similarities. The other two victims were both unmarried women who lived alone. In the early morning hours, a man entered the victims' houses through windows, pounced on the victims while they were sleeping and held them down with his body. Defendant, who had already been convicted in the first case prior to trial in the instant case, told the first victim in a polite, soft-spoken voice that he raped and robbed women. After placing a pillow over her face so that she could not see him, he turned on a light. He then sexually assaulted her vaginally. Defendant next made the victim turn on her stomach, but she convinced him not to assault her again. Defendant then asked her what she would tell the police, took money from her purse and left. The second victim also had her face covered with a pillow while the assailant spoke to her politely in a low, soft-spoken voice. Once her face was covered, the assailant turned on a light and assaulted the victim vaginally. He then had the victim turn on her stomach and, after displaying a knife, assaulted her again. The assailant finished by asking the victim what she would tell the police, rifling through her purse, taking cash and credit cards, and leaving by way of the same window he had entered earlier. Defendant was awaiting trial in the second case. The trial court recognized several similarities in the offenses against the three victims but did not believe they possessed any distinctive features not common to most offenses of that nature sufficient to demonstrate *modus operandi*. The court therefore granted defendant's motion *in limine*.

■■ ■ Generally, evidence of other crimes is inadmissible if relevant merely to establish a defendant's propensity to commit crime. (*People v. Woltz* (1992), 228 Ill. App. 3d 670, 673, 592 N.E.2d 1182, 1185; *People v. Brown* (1991), 214 Ill. App. 3d 836, 844, 574 N.E.2d 190, 195.) Such evidence is admissible, however, if relevant to prove any purpose such as intent, identity, motive, absence of mistake, common design, or, as here, *modus operandi*, provided that the probative value of the evidence outweighs its risk of unfair prejudice. (*People v. Maxwell* (1992), 148 Ill. 2d 116, 130, 592 N.E.2d 960, 967, *petition for cert. filed* (August 24, 1992), No. 92–5615; *People v. Phillips* (1989), 127 Ill. 2d 499, 520, 538 N.E.2d 500, 508;

*Brown,* 214 Ill. App. 3d at 844-45, 574 N.E.2d at 195; *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 484-86, 485 N.E.2d 1292, 1296-97.) *Modus operandi,* literally "method of working," refers to a pattern of criminal behavior or method of operation so distinctive that separate crimes or wrongful conduct are recognized as the work of the same person. (*People v. Williams* (1989), 185 Ill. App. 3d 840, 853, 541 N.E.2d 1175, 1185; *Kimbrough,* 138 Ill. App. 3d at 486, 485 N.E.2d at 1297.) In order for such evidence to be admissible, there must be a clear connection between the other crime or crimes and the one charged which creates a logical inference that if a particular defendant committed one of the acts, he also committed the other or others. (*Woltz,* 228 Ill. App. 3d at 675, 592 N.E.2d at 1186; *Kimbrough,* 138 Ill. App. 3d at 486, 485 N.E.2d at 1297; see also *People v. Watson* (1981), 98 Ill. App. 3d 296, 298, 424 N.E.2d 329, 331.) This inference arises when the crimes share distinctive features not common to most offenses of the same type and, by so doing, earmark the offenses as one person's handiwork. (*Woltz,* 228 Ill. App. 3d at 675, 592 N.E.2d at 1186; *People v. Lewis* (1983), 115 Ill. App. 3d 389, 400, 450 N.E.2d 886, 894, *rev'd on other grounds* (1984), 103 Ill. 2d 111, 468 N.E.2d 1222.) While there must be a strong and persuasive showing of similarity between the crimes, it is not necessary that the crimes be identical. (*Williams,* 185 Ill. App. 3d at 853, 541 N.E.2d at 1185; *Kimbrough,* 138 Ill. App. 3d at 487, 485 N.E.2d at 1297.) The test cannot be one of exact, rigorous identity, for some dissimilarity will always exist between independent crimes. (*Phillips,* 127 Ill. 2d at 520-21, 538 N.E.2d at 508; *Williams,* 185 Ill. App. 3d at 856, 541 N.E.2d at 1186.) More importantly, it is the similarity of conduct as a whole, not the uniqueness of any single factor, which is the key to establishing *modus operandi.* (*Watson,* 98 Ill. App. 3d at 298-99, 424 N.E.2d at 332.) While common features may be insufficient to raise the inference of *modus operandi* individually, together such features may reveal a distinctive combination which suggests the work of one person. (*Lewis,* 115 Ill. App. 3d at 400, 450 N.E.2d at 894.) What is controlling, therefore, is the totality of the similarities.

■ Here, the evidence the State wished to introduce presented at least 13 areas of similarities that, taken together, strongly suggested the same person was responsible for all three incidents. In all three offenses, the victims were unmarried women living alone who were awakened in the early morning hours by an assailant physically pouncing on them and holding them down with his body in similar fashions. In each instance, the assailant covered the vic-

tim's face with a pillow before turning on a light. In each instance, the assailant was soft-spoken and polite. Each time, the victim was made to turn over on her stomach and was assaulted in some manner. Afterwards, the assailant questioned each victim as to what she intended to tell the police. And, in each instance, the assailant took money from the victims' purses before leaving through the same windows used to gain entry into the houses. Finally, all three incidents occurred within a three-week period of time in the same general area of the city. True, some dissimilarities existed, particularly with respect to the extent of the sexual assaults upon the victims. But, rigorous identity in the offenses is hardly likely to occur. (*Phillips*, 127 Ill. 2d at 520-21, 538 N.E.2d at 508.) Additionally, the only reason the victim here was not further assaulted sexually was because she convinced her attacker she was a "fat, old woman." Such dissimilarities do not justify excluding evidence of the other two offenses. We therefore conclude the trial court abused its discretion in granting defendant's motion *in limine*. (See *People v. Phillips* (1989), 127 Ill. 2d 499, 538 N.E.2d 500; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. Watson* (1981), 98 Ill. App. 3d 296, 424 N.E.2d 329; *People v. Therriault* (1976), 42 Ill. App. 3d 876, 356 N.E.2d 999; *People v. Emmett* (1975), 34 Ill. App. 3d 167, 340 N.E.2d 235; *cf. People v. Woltz* (1992), 228 Ill. App. 3d 670, 592 N.E.2d 1182.) Accordingly, we reverse the order of the trial court and remand this cause for trial.

For the aforementioned reasons, we reverse the order of the circuit court of Jackson County granting defendant's motion *in limine* and remand this cause for further proceedings.

Reversed and remanded.

CHAPMAN and W.A. LEWIS, JJ., concur.