THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHELTON HODGES, Defendant-Appellant.

First District (3rd Division)   No. 1—90—1919

Opinion filed March 31, 1993.—Rehearing denied May 11, 1993.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan Schierl, and Lou Anne Corey, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Following a jury trial, defendant, Shelton Hodges, was convicted of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13 (now codified as 720 ILCS 5/12—13 (West 1992))) and home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11 (now codified as 720 ILCS 5/12—11 (West 1992))). Defendant was sentenced to serve eight years' imprisonment for the criminal sexual assault count and six years' imprisonment for the home invasion count, both sentences to run concurrently. Defendant appeals the judgment of conviction pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

One fact in this case remains uncontroverted: on September 6, 1989, defendant entered the home of W.H., the complainant, and had sexual intercourse with her. Defendant maintains the act was consensual. The State and W.H. assert that it was not.

On appeal, defendant argues that: (1) his right to confrontation as guaranteed by the sixth amendment to the United States Constitution was violated; (2) the trial court erred in permitting the State to argue in its closing remarks that a testifying police investigator and an assistant State's Attorney did not perjure themselves in order to convict defendant and to also argue that in order to convict defendant the jury would have to believe said persons were liars; (3) the trial court erred in answering questions from the jury allegedly outside the presence of his counsel and the prosecutor and by not correctly answering the jury's request for transcripts of the witnesses' testimony; (4) the trial court erred in permitting the State to argue that there was no motive for complainant to lie, after defendant was kept from presenting evidence to the contrary; and (5) the trial court erred in admitting the testimony of W.H.'s attending physician that she was raped.

Defendant first posits that his sixth amendment right to confrontation was violated by the trial court's ruling that the rape shield statute prohibited him from introducing evidence to prove that W.H. did not pursue prosecution of an individual, named Andrew, who allegedly raped her previously.[1] It is defendant's contention that W.H. made this complaint falsely against Andrew. Thus, according to defendant's theory of the case, W.H. filed complaints against Andrew and defendant in an attempt to hide the fact from her husband that she had engaged in consensual sexual relations with defendant, while her husband was away from home serving in the armed forces.

■ "[B]efore evidence of any kind is admissible, it must be relevant. [Citations.] Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (*People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 487-88, 485 N.E.2d 1292; see also Fed. R. Evid. 403.) We believe the evidence proffered by defendant is irrelevant, void of any probative value, and highly prejudicial. We fail to perceive how W.H.'s failure to follow up on the complaint against Andrew would shed any light on whether she consented to have sexual relations with defendant on this occasion. Moreover, we reject defendant's assertion that the filing of the complaints against him and Andrew was part of a Byzantine scheme by W.H. to mask her adultery and thus relevant. Our experience with the mainsprings of human conduct suggests that an individual who wishes for something to go unnoticed usually does not call attention to it by notifying the police of it in the middle of night. Accordingly, we find that defendant's right of confrontation was not violated as the evidence which he sought to admit extended to matters which were irrelevant and had no probative value. *People v. Cornes* (1980), 80 Ill. App. 3d 166, 175, 399 N.E.2d 1346.

Next, defendant submits that the trial court erred in permitting the State to argue in its closing remarks that a testifying police investigator and an assistant State's Attorney did not perjure themselves in order to convict defendant and to also argue that in or-

---

[1]Section 115—7 of the Code of Criminal Procedure of 1963, the rape shield statute, provides, in pertinent part, as follows:

"a. In prosecutions for aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse or criminal sexual abuse, the prior sexual activity or the reputation of the alleged victim is inadmissible except as evidence concerning the past sexual conduct of the alleged victim with the accused." Ill. Rev. Stat. 1989, ch. 38, par. 115—7 (now codified as 725 ILCS 5/115—7 (West 1992)).

der to acquit defendant the jury would have to believe said persons were liars. Regarding allegedly improper prosecutorial remarks made in closing argument, our supreme court in *People v. Cisewski* (1987), 118 Ill. 2d 163, 514 N.E.2d 970, stated:

"In reviewing the defendant's allegations of error here, we first note that a prosecutor is allowed a great deal of latitude in making the closing argument [citations], and the trial court's determination of the propriety of the argument will generally be followed absent a clear abuse of discretion [citation]. To constitute reversible error, the complained-of remarks must have resulted in substantial prejudice to the accused, such that absent those remarks the verdict would have been different. [Citation.] In reviewing allegations of prosecutorial misconduct, the closing arguments of both the State and the defendant must be examined in their entirety and the complained-of comments must be placed in their proper context." (*Cisewski*, 118 Ill. 2d at 175-76.)

"Although it is generally improper to vouch for the credibility of a witness or to express a personal opinion on a case, remarks are to be examined in context, and a defendant cannot complain of prosecutorial remarks which are provoked or invited by his counsel's arguments." *People v. Spiezio* (1989), 191 Ill. App. 3d 1067, 1075-76, 548 N.E.2d 561.

■ After a careful review of the record, we believe that the prosecutor's remarks were legitimate rebuttal, invited by defense counsel's comments challenging the veracity of two of the State's witnesses. At numerous points in the proceedings, defense counsel sought to attack the credibility of an assistant State's Attorney and a police investigator, both of whom testified that defendant admitted to them that he forced W.H. to have sexual intercourse with him. At trial, defense counsel implied that both witnesses had reason to be less than candid with the court. Thus, it was altogether fitting and proper that the State should seek to rebut this contention. Consequently, we perceive no error by the trial court requiring reversal.

The State maintains that defendant has waived review of the remaining issues in this case. We agree.

It is settled law that absent plain error, "*[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; see also *People v. Nevitt* (1990), 135 Ill. 2d 423, 441, 553 N.E.2d 368; *People v. Adams* (1985), 109 Ill. 2d 102, 116, 485 N.E.2d 339, *cert. denied* (1986), 475 U.S. 1088, 89 L. Ed. 2d 730, 106 S. Ct. 1476.)

Furthermore, merely referring to a cited error in a post-trial motion as "prejudicial" or "erroneous," without factual detail, is insufficient to preserve an issue on appeal. *People v. Phillips* (1989), 186 Ill. App. 3d 668, 682, 542 N.E.2d 814; *People v. Pendelton* (1989), 185 Ill. App. 3d 768, 777, 542 N.E.2d 386; *People v. David* (1986), 141 Ill. App. 3d 243, 261, 489 N.E.2d 1124.

■ With regard to defendant's contention that the trial court erred in answering questions from the jury allegedly outside the presence of his counsel and the prosecutor and by not correctly answering the jury's request for transcripts of the witnesses' testimony, we find that it has been waived. In his motion for a new trial, defendant does not allege that an *ex parte* communication took place. In addition, defendant's motion is bereft of any reference to any harm that he allegedly suffered as a consequence of the answers that the trial court gave to the jury. Thus, we find that "[b]y failing to raise the issue in his post-trial motion, defendant has acquiesced in the trial court's answer to the jury's question and cannot later complain that the trial court abused its discretion." *People v. Coleman* (1991), 223 Ill. App. 3d 975, 1004, 586 N.E.2d 270; see also *People v. Flores* (1989), 128 Ill. 2d 66, 93, 538 N.E.2d 481, *cert. denied* (1990), 497 U.S. 1031, 111 L. Ed. 2d 799, 110 S. Ct. 3291.

In reference to defendant's position that the trial court erred in permitting the State to argue that there was no motive for complainant to lie, after defendant was kept from presenting evidence to the contrary, we find that it is also not cognizable on appeal. In his post-trial motion, defendant simply states that "[t]he Assistant State's Attorney made prejudicial, inflammatory and erroneous statements in closing argument designed to arouse the prejudices and passions of the jury, thereby prejudicing the defendant's right to a fair trial." We find this general averment of error to be woefully inadequate to sufficiently apprise the trial court of the cited error and, consequently, the issue is deemed waived. *Phillips*, 186 Ill. App. 3d at 682.

Finally, regarding defendant's assertion the trial court erred in admitting the testimony of W.H.'s attending physician that she was raped, we find that defendant waived this issue by failing to raise it in his post-trial motion. *Enoch*, 122 Ill. 2d at 186.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.